**WHITFIELD v. JONES et al.**

No. 14621—Opinion Filed June 9, 1925.

1. **Trial—Demurrer to Evidence—Effect.**

A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn from the evidence.

2. **Same.**

On a demurrer to the evidence, the court cannot weigh conflicting evidence, but will treat the evidence as withdrawn which is most favorable to the demurrant.

3. **Disposition of Cause.**

Evidence examined, and held to be suffi-

cient to require a submission of the cause to the jury.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McCurtain County; G. M. Barrett, Judge.

Action by L. B. Whitfield against J. R. Jones, Sheriff of McCurtain County, and the First National Bank of Broken Bow, Okla. Judgment for defendants, and plaintiff brings error. Reversed and remanded,

W. S. Paden and Sprague & Finney, for plaintiff in error.

Paul C. Thorn and John C. Head, for defendants in error.

Opinion by JONES, C. This is an appeal from a judgment of the district court of McCurtain county, Okla., wherein L. B. Whitfield, plaintiff in error, was the plaintiff, and J. R. Jones, sheriff of McCurtain county, and the First National Bank of Broken Bow, defendants in error, were defendants. The action was one in replevin. The facts, as disclosed by the record, show that Jones, as the sheriff of McCurtain county, had attached certain specific personal property in an action wherein the bank of Broken Bow had sued J. J. Prince, and the property attached, which consisted of certain lumber, was attached as the property of J. J. Prince, and the plaintiff, Whitfield, now claims to be the owner of said lumber and replevied same.

On the trial of the case before the court and jury, at the close of the plaintiff's evidence, the defendants interposed a demurrer to the evidence offered by plaintiff, upon the grounds that the evidence was insufficient to establish a cause of action in favor of the plaintiff and against the defendants. The demurrer was sustained by the court, and thereafter by permission of the court defendant introduced evidence as to the value of the property replevied, and moved the court to instruct the jury to return a verdict for the First National Bank in the sum of $3,500, the value of the property as shown by the evidence of the defendants. The motion for a directed verdict by the defendants was sustained by the court and the jury instructed to return verdict as moved for, from which order and judgment of the court the appellant prosecutes this appeal, and assigns various specifications of error, but bases his right to a reversal of this judgment upon the error of the court in sustaining the demurrer of the defendant to the evidence of plaintiff, and in directing the jury to return the ver-

dict heretofore referred to which necessarily followed, and was a logical sequence of the action of the court in sustaining the demurrer in the first instance. From the state of the record, we are inclined to the opinion that the court committed error in sustaining the demurrer interposed by the plaintiff.

Section 532, Comp. St. 1921, provides that:

"Issues of law must be tried by the court unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

The case of Edmisson v. Drumm-Flato Commission Co., 13 Okla. 440, 73 Pac. 958, Jaffray v. Wolfe, 4 Okla. 303, 47 Pac. 496, and numerous other authorities are cited construing this action and supporting the contention of the appellant. The rule that a demurrer to the evidence admits all the facts, which the evidence in the slightest degree tends to prove, and all of the inferences or conclusions which may be reasonably and logically drawn from the evidence, and that all evidence favorable to the party offering the demurrer is treated as being withdrawn, has been announced and followed so often that we deem a discussion of the question unnecessary. The evidence in this case is unquestionably conflicting as to the ownership of the property, and we find ample evidence which would not only justify the submission of the question to the jury, but necessitates the submission thereof. The question is raised by the appellees that the evidence shows that a partnership existed to which the property involved belonged, and while there is some evidence tending to support this theory, it is in no wise conclusive, and even though it were conclusive, or admitted, in view of the character of property involved in this case, we think it would still be a question for the determination of the jury as to whether or not the property was subject to division or easily divisible into aliquot parts.

The affidavit or replevin in this case and the petition described the property as being lumber of specific dimensions and kind, and many reputable authorities hold that replevin will lie, even against partnership property, when it is easily divisible into aliquot parts. And the question of partnership is a question of fact for the determination of the jury under proper instructions by the court. If, in fact a partnership should be shown to exist, if the plaintiff, Whitfield,

did, in fact, as contended by him, purchase the lumber shown to be replevied and can yet identify same and distinguish it from other lumber in the yard, it might be under all the facts and circumstances, that even in that event, he would be entitled to recover, but we think unquestionably that the case should be reversed upon the theory that the court committed error in sustaining the demurrer upon the theory that there was no evidence to show ownership in the plaintiff, Whitfield, as the record clearly discloses a conflict of evidence on this point, and we therefore recommend that the case be reversed and remanded for a new trial.

By the Court: It is so ordered.