### CAREY v. BARNETT et al.

No. 15419—Opinion Filed June 30, 1925.

Rehearing Denied Nov. 17, 1925.

**1. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

A judgment of the court based upon the verdict of a jury, in a law action, will not be reversed on appeal if there is any competent evidence which reasonably tends to support the verdict of the jury.

**2. Same—Judgment Sustained.**

Record examined; held to be sufficient to support the verdict and judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garfield County; Jas. B. Cullison, Judge.

Action by B. J. Barnett against W. E. Carey and the Walker Drilling Company, for debt. Judgment against W. E. Carey for one-fourth, and against Walker Drilling Company for three-fourths, of indebtedness sued for. W. E. Carey brings error. B. J. Barnett brings error on cross-appeal. Affirmed.

Simons, McKnight & Simons for plaintiff in error.

W. E. Crow, for defendant in error.

Opinion by STEPHENSON, C. This suit arose out of a contract on the part of W. E. Carey and J. A. Cooper in connection with a contract with the Walker Drilling Company to drill an oil and gas well for Howarth Oil & Gas Company. It appears from the record that W. E. Carey and J. A. Cooper had a joint interest in the drilling tools used in sinking the well. The written contract to drill the well was signed by J. A. Cooper, for Carey and Cooper. Supplies were purchased by Cooper for use in drilling the well, and certain parties employed as laborers on the job. The bills for supplies and labor were not paid. B. J. Barnett commenced his action as plaintiff to recover for labor against W. E. Carey on the Cooper and Carey contract, and also against the Walker Drilling Company on account of a claimed joint interest in the enterprise on the part of the drilling company. Carey denied the authority of Cooper to execute the partnership contract,

and denied that he was a partner of Cooper in the enterprise. A certain agreement is claimed to have been entered into later between and among all parties whereby the Walker Drilling Company was to answer for three-fourths of the indebtedness, and W. E. Carey for one-fourth. The trial of the cause resulted in a judgment against W E. Carey for one-fourth of the indebtedness sued for, and judgment went against the Walker Drilling Company for three-fourths thereof.

W. E. Carey appealed the cause to this court and assigns error to the effect that the record does not support the judgment. B. J. Barnett, as plaintiff below, has perfected his cross-appeal, and predicates error upon an instruction to the jury to the effect that the jury might return its verdict for such sum or sums as were found to be owing by W. E. Carey and the Walker Drilling Company to the plaintiff.

It is the contention of the plaintiff that the defendants were jointly and severally liable for the indebtedness sued for. It would serve no useful purpose to detail the evidence in respect to the contention of Carey, that there is not sufficient competent evidence to support the verdict of the jury returned against him. The same statement will apply to the contention made by the plaintiff that both defendants were jointly and severally liable for the indebtedness. The rule is, that a judgment of the court based upon the verdict of a jury in a law action, will not be reversed on appeal if there is any competent evidence which reasonably tends to support the verdict of the jury. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

There is sufficient competent evidence to support the verdict of the jury for one-fourth of the indebtedness against W. E. Carey. The record amply supports the instruction of the court in relation to the liability of the defendants to the plaintiff.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853, § 2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. 432; 4 R. C. L. Supp. p. 90, 5 R. C. L. Supp. p. 79.