**PFENNINGHAUSEN v. HORINEK.**

No. 15833—Opinion Filed Sept. 29, 1925.

**1. Appeal and Error—Questions of Fact — Verdict—Conclusiveness.**

When questions of fact are submitted to a jury for its determination under proper instructions, the finding of such jury will not be disturbed on appeal if there is any evidence reasonably tending to support the verdict.

**2. Same—Effect of Withdrawing Motion for Instructed Verdict.**

Where a party to an action asks for an instructed verdict in favor of himself and withdraws said motion for the reason that the case presents a question of fact to be determined by the jury, and the cause is submitted to the jury and the jury returns its verdict adversely to said party, he cannot be heard to complain in this court that said verdict is not supported and sustained by the evidence.

**3. Indians — Departmental Oil Lease—Prescribed Method of Release.**

Where a departmental lease provides the manner in which the same may be released by the lessee, the method by which the same can be released must be followed by said lessee, and where it appears that the method prescribed by the lease is not followed, an attempt to release in some other manner will not be effective and will not relieve the lessee from paying rents and royalties provided under the terms of the lease.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by A. T. Horinek against C. O. Pfenninghausen. Judgment for plaintiff, and defendant brings error. Affirmed.

Kleinschmidt & Johnson for plaintiff in error.

Luther James, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Tulsa county by A. T. Horinek, defendant in error, plaintiff below, against C. O. Pfenninghausen, plaintiff in error, defendant below, to recover the sum of $1,064, claimed to be due for rentals and accrued royalties on a departmental oil and gas lease for a period of five years. The parties will be referred to in this opinion as plaintiff and defendant as they appeared in the lower court.

The petition, in substance, alleges that one John Wilkin, a Choctaw Indian, on the 27th day of January, 1917, made, executed and delivered a departmental oil and gas mining lease to C. O. Pfenninghausen, covering 160 acres of land in Coal county, Okla., which lease was approved by the Secretary of the Interior on the 27th day of March, 1917, a copy of said lease being attached to the petition and made a part thereof; that on the 24th day of July, 1917, the land covered by the lease was sold by John Wilkin to A. T. Horinek, who became the owner as grantee of all the right, title, and interest John Wilkin had as lessor of the lands so conveyed; that defendant had due notice of said sale of said land to plaintiff at the time the sale was made and that he made no payment of the rentals and royalties for the years 1918, 1919, 1920, 1921, and 1922, which became due on the 27th day of March of each year, heretofore mentioned; that the amounts of said rentals and royalties at the time of filing this action amounted to the sum of $1,064; that under the terms of said lease, as the assignee, or grantee, of John Wilkin, he became the owner and entitled to the said rentals and royalties accruing during said

years and prayed judgment in the sum of $1,064 for costs, and general relief.

The defendant in his verified original answer entered a general denial, but admitted the execution of the lease as alleged in plaintiff's petition, but denied that he was indebted to plaintiff in the sum of $1,064, or any other sum, under said lease; alleged that sometime prior to the 24th day of July, 1917 (the exact date of which was to the defendant unknown), the defendant made, executed, and delivered to John Wilkin a release and discharge of the oil and gas mining lease, mentioned in the plaintiff's petition, together with $1 recording fees, and since said date defendant claimed no right, title, or interest in the oil and gas mining lease, and disclaimed any right, title, or interest therein, and that the defendant on numerous occasions advised the plaintiff orally that said oil and gas mining lease had been released and that he claimed no interest therein and that he would, at his request, execute to him an alias release, and prayed that the plaintiff take nothing and that the defendant be discharged with his costs. The plaintiff filed his reply by way of general denial. Upon these issues the cause proceeded to trial before the court and jury, and in the opening statement of counsel for defendant, he admitted that there was an error in the answer, in that he had not on numerous occasions orally advised the plaintiff that the lease had been released and that he would issue at the request of the plaintiff an alias release of the same. At the close of all the testimony in the case and after each party had filed motion for a directed verdict, the defendant asked leave to amend his answer by striking out the words, "sometime prior to," and inserting, by interlineation, the words "on or about," which preceded the words "the 24th day of July, 1917," being the date the defendant alleged that he had executed to John Wilkin a release and discharge of the oil and gas mining lease, which amendment was permitted by the court over the objection of the plaintiff. After said amendment was permitted, the record shows the following was had and done, to wit:

"The Court: I think it is almost incumbent upon the court to instruct a verdict where both parties request it. Mr. Johnson: Well, I think there is a question of fact here to be determined by the jury and if that is the position the court takes on that, we will withdraw our motion."

After the defendant had withdrawn his motion, as requested, under the circumstances above stated, the plaintiff's motion for a directed verdict was overruled by the trial court, to which the plaintiff excepted. The court then instructed the jury, to which no objections or exceptions were made by either party to this action, and the jury returned its verdict in favor of the plaintiff and against the defendant, that plaintiff should have and recover of and from the defendant the sum of $1,064, as sued for in the petition. Motion for new trial was filed by the defendant, heard, and overruled by the court, and exceptions reserved, and the court pronounced judgment against the defendant in favor of the plaintiff, that he have and recover of and from the defendant the sum of $1,064 and costs, from which judgment of the court the defendant appeals to this court for review.

Attorneys for defendant in their brief present and argue three grounds for reversal, which are as follows:

"(1) The court erred in overruling demurrer of plaintiff in error to the testimony offered on behalf of the defendant in error.

"(2) The court erred in admitting evidence on the part of the defendant in error.

"(3) Said court erred in rendering judgment for the defendant in error for that the evidence adduced at the trial is insufficient to sustain a judgment in favor of the defendant in error."

The only contention of attorneys for defendant, urging that error was committed in the admission of evidence on part of the plaintiff, is that the court admitted the photographic copy of the oil and gas mining lease, which was attached to the petition. In the light of the answer of the defendant in this case, this ground of error has no merit, for the reason that in said answer it is admitted that the lease was executed and delivered to the defendant as alleged in plaintiff's petition and that the defendant made, executed, and delivered to John Wilkin a release and discharge of the oil and gas mining lease mentioned and set forth in plaintiff's petition, so that in two places in his answer, by his own admission, the oil and gas mining lease was before the court and jury for consideration, and no objection to the introduction of the same can be successfully urged in face of the allegations in the answer.

In the light of the admission of defendant's attorneys, when the matter was before the court for consideration of the two motions for a directed verdict, counsel for defendant, himself, as heretofore referred to in this opinion, withdrew his motion for a

directed verdict and insisted that there was a question of fact in the case to be submitted to the jury for its determination, and it was accordingly, at his request, submitted to the jury so fairly and justly to each party in this controversy that no objections or exceptions were saved to the instructions of the court, and no other or further instructions were requested by either party, and the jury, under the accepted instructions, decided the question of fact adversely to the defendant, and under such circumstances it is our opinion that the defendant is practically concluded by said verdict, or at least he is in a very poor position to insist upon a reversal of the verdict of the jury that he, by his own act, has invited. We are, therefore, of the opinion that the first ground of error urged was subsequently waived by the defendant, and, therefore, presents no ground for reversal upon this proposition.

As to the sufficiency of the evidence to support the verdict and judgment, upon a careful review of all the testimony in this case, we are clearly of the opinion and there is and cannot be any dispute that, under the terms of the oil and gas mining lease, the amount of money sued for became due unless the defendant had released the same in the manner and form prescribed in said lease.

It will be remembered that the lease in this case is upon the allotment of a Choctaw Indian by blood, upon a certain form, which provides for the payment of rentals and royalties in the sum sued for in this action, and if the party desires to release, it is provided that the lessee should pay to the Superintendent of the Five Civilized Tribes all amounts due for rents and royalties, as provided in the lease and the further sum of $1 to surrender and cancel the lease, and if the lease had been recorded that he should execute a release and record the same in a proper county and office, and in the event restrictions had been removed, that the lessee should pay the lessor the amounts due and $1 and that after restrictions were removed, the lease would be released from the supervision of the Secretary of the Interior.

It is further provided in the lease that the lessee should not be relieved of his obligation to pay his royalties and rentals by reason of a subsequent release, and it is further provided that such cancellation should not, in any wise, operate to release or relieve the lessee from paying such rentals and royalties or other obligations.

The deed from John Wilkin to the plaintiff was executed on the 24th day of July, 1917, and under the conditions of the removal of restrictions by the Secretary of the Interior, the purchase and sale of said land and the deed therefor had to be approved by the Superintendent of the Five Civilized Tribes, and such certificate of approval was indorsed upon said deed, dated Muskogee, Okla., July 31, 1917, and was filed for record on the 7th day of August, 1917, and the order for removal of restrictions was introduced showing the following:

"Such removal of restrictions to become effective only and simultaneously by the deed to the purchaser, if such land has been sold in compliance with the directions of the Secretary of the Interior."

It will be remembered that the verified answer of defendant first alleged that he had executed and delivered to John Wilkin the release of said deed sometime prior to the 24th day of July, 1917, which he afterwards amended, without again verifying the answer by striking those words out and inserting the words "on or about." The deed was not made until the 24th day of July, 1917, and did not become effective until it was approved by the Superintendent of the Five Civilized Tribes, which occurred on the 31st day of July, and such release, if it ever were executed by defendant, was not effective under the very terms of the lease itself, and the evidence is very unsatisfactory in this case as to whether it was ever executed and attempted to be delivered to John Wilkin. It is true that the defendant swears that he did do this and sent it through the mail, but in his answer he says he delivered it to John Wilkin, and the defendant further says, in his testimony, that he at that time had received notice that the Secretary of the interior had relinquished any supervision over said lease, when, in truth and in fact, under the record testimony in this case, such relinquishment could not have been sent out by the Secretary of the Interior until after the Superintendent had approved the sale and the deed executed thereunder from John Wilkin to Hoˇrinek, which was on the 31st day of July, 1917. The defendant further, in his verified answer, said that he had orally informed the plaintiff that he had relinquished his rights to the lease and claimed no further interest therein and that he would execute a release at any time he desired it. This was admitted to be error in the opening statement of counsel, and it developed in the testimony that he did not know, never had seen, and never had spoken to the plaintiff in this case until the date of the trial. The evidence of the plaintiff is

clear and convincing and without any contradiction, as shown by the testimony in this case, that he immediately notified and had his attorney to notify the defendant of his purchase of this land and made a demand of the defendant for the payment of the rentals and royalties, and that this was repeatedly done during the five years that defendant failed to pay. The jury was thoroughly justified under the evidence, as disclosed by the record in this case, in our opinion, to disbelieve the testimony of the defendant, and there is ample evidence to sustain the verdict of the jury upon the only fact that was in dispute in this case, and that was submitted to the jury at the request of the defendant, and all the decisions of this court hold that where there is any evidence reasonably tending to support the verdict of the jury, the verdict will not be disturbed on appeal by this court.

We are, therefore, of the opinion that the verdict of the jury and the judgment of the trial court were eminently correct in this case, and that the judgment of the trial court should be and it is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853, § 2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 4 C. J. p. 712, § 2625. (3) 31 C. J. p. 518, § 84 (Anno).