Note.—See under (1) Workmen's Compensation Acts, C. J. p. 42, § 35; anno. L. R. A. 1916A, 192, 216; L. R. A. 1917D, 142, 152; L. R. A. 1918F, 230; 28 A. L. R. 1222; 28 R. C. L. p. 718; 3 R. C. L. Supp. p. 1599; 4 R. C. L. Supp. p. 1837; 5 R. C. L. Supp. p. 1555. (2) Workmen's Compensation Acts, C. J. p. 122, § 127. (3) Workmen's Compensation Acts, C. J. p. 135, § 154.

---

## DOUTHAT, Adm'r, v. JAMES.

No. 15922—Opinion Filed Oct. 27, 1925.

### 1. Appeal and Error — Review—Sufficiency of Evidence in Law Action.

In a law action, tried to a jury, the verdict of the jury and the judgment entered thereon will not be disturbed on appeal because of alleged insufficiency of the evidence, where the record discloses that the verdict and judgment are reasonably supported by competent evidence.

### 2. Appeal and Error—Necessity for Objections Below—Issues, Proof and Variance.

"If proof is offered of an issue or of a single fact different from that stated in the pleadings, but not amounting to a failure of proof, and no objection is made by the adverse party, it is of no consequence. The objection is not available in the reviewing court. It is too late then." Patterson v. Missouri, K. & T. Ry. Co., 24 Okla. 747, 104 Pac. 31.

### 3. Judgment Sustained.

Record examined; and held, that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by M. E. Douthat, administrator of the estate of Zahn L. Douthat, deceased, against L. D. James. From the judgment, plaintiff appeals. Affirmed.

Ray McNaughton and Arthur G. Croninger, for plaintiff in error.

F. W. Church, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the plaintiff, and the defendant in error was the defendant, in the court below. The parties will be designated herein as plaintiff and defendant, as they appeared in the trial court.

The plaintiff sought to recover against defendant upon two causes of action. First cause of action stated was upon a promissory note, dated May 15, 1919, falling due in six months, made payable to Z. L. Douthat in the sum of $3,000, with interest at 8 per cent., and an attorney's fee in the sum of $300. Copy of the note is attached to the petition. The second cause of action was to recover the sum of $4,000, money had and received by defendant from Z. L. Douthat, with interest at 6 per cent. from June 15, 1920. The defendant answered the first cause of action by plea of payment, in that he had rendered services for the payee in getting a refund of income tax payment. He answered the second cause of action by a plea that the money, the sum of $4,000, was paid to him for services in looking after and getting a property settlement between Zahn L. Douthat and his wife, Kate Douthat, who, it seems, at that time were having some serious domestic troubles. Plaintiff replied to the answer by general denial.

The cause was tried to a jury, resulting in a verdict and judgment for the defendant. The plaintiff appeals and assigns errors of the court in the course of the trial and insufficiency of the evidence to support the judgment, for reversal. The only proposition submitted in the plaintiff's argument in the brief is that the evidence is insufficient to support the verdict and judgment. The conclusion of the jury, as expressed in the verdict returned, was that the defendant was not indebted to the plaintiff upon the claims relied upon in the petition, and, under the rule so often announced here, the verdict and judgment thereon must stand, if reasonably supported by competent evidence. To the plaintiff's first cause of action, based upon the defendant's promissory note, defendant interposed a plea of payment. By way of explaining how payment was made, he alleged that the payee, Zahn L. Douthat, had contracted with defendant to represent him in securing a refund of excess payment of income tax, defendant to have 50 per cent. of the refund, which amounted to more than $6,000, all of which was credited to Zahn L. Douthat. To the second cause of action defendant interposed the defense that the money sought to be recovered, the sum of $4,000, was not a loan, but was a payment to defendant by Zahn L. Douthat for services to be rendered, and which were rendered, and hence defendant was not indebted to the administrator of Zahn L. Douthat's estate.

The evidence offered by defendant on the matter of payment of the note by services rendered in securing a refund of income tax, seems to be rather unsatisfactory, and if that had been all the evidence of payment, it, perhaps, would be insufficient. The evidence, however, tends to show that Zahn L. Douthat was a wealthy Indian, and had indulged in some indiscretions out of which arose a serious difficulty and domestic trouble between him and his wife, and he employed the defendant to get a property settlement, and a settlement of their differences. He furnished defendant with a list of his considerable properties, and agreed to compensate defendant for getting settlement of the differences, by paying to him a sum equal to 2 1-2 per cent. of the total of the property involved in the settlement of the troubles between Douthat and his wife. A memorandum of Douthat's various properties was made out, which properties defendant was to look after and divide between Douthat and his wife in the settlement of their differences. At the foot of this memorandum is this statement:

"L. D. James to be paid 2½% of property listed. Z. L. Douthat."

It seems not to be disputed that 2 1-2 per cent. of the property would amount to approximately $9,000. It seems certain from the record that the defendant rendered much valuable services to Z. L. (Zahn) Douthat, resulting in a settlement of his difficulties, all apparently satisfactory to Zahn L. Douthat. The memorandum, with the above notation signed by Z. L. Douthat, was introduced in evidence upon the trial. It is true that this memorandum and signed notation was not referred to or expressly relied upon in the defendant's answer, but it was introduced

In evidence without objection. It is not in dispute that defendant rendered the services for Zahn L. Douthat and effectually got the results desired by Douthat, and it is not claimed that defendant was ever compensated in any other manner than by the amounts involved in plaintiff's two causes of action, a total of $7,000. The gist of defendant's defense to the first cause of action is that the amount had been repaid; and to the second cause of action that the money was paid for services. Zahn L. Douthat agreed to pay defendant 2½ per cent. of his property for services to be rendered, and it seems the services were rendered. The price for the services approximated $9,000, and it was not paid otherwise than by the money loaned and advanced. It seems that it could matter little as to the loan how repayment was made, whether repaid in money or in services. The question, however, to be determined was whether or not defendant had made payment of the loan. We think the memorandum introduced in evidence, together with evidence that services had been rendered, was some evidence tending to prove that the $3,000 note had been discharged by services rendered; also, that the $4,000 had been taken care of in rendering services. It seems that defendant might well have pleaded that the loan of $3,000 and the $4,000 advanced had been discharged by the memorandum agreement of Z. L. Douthat, and the services rendered by defendant for Douthat. This was not pleaded as a defense, but the memorandum signed by Douthat, agreeing to pay defendant substantially $9,000 for services, was put in evidence and went to the jury along with defendant's evidence that the services agreed upon had been rendered. We think, upon this record, the question of fact to be determined by the jury was whether or not the $7,000 sought to be recovered had been discharged by services rendered under an agreement entered into by and between Zahn L. Douthat and L. D. James. The verdict returned by the jury was a finding that the obligation had been discharged. The evidence reasonably supports the jury's conclusion, and the judgment in the defendant's favor.

It seems that to reverse the judgment would be putting form before substance, a thing the reviewing court is not authorized to do. Section 319, Comp. Stats. 1921, provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party;

and no judgment shall be reversed or affected by reason of such error or defect."

It was held in Patterson v. Missouri, K. & T. Ry. Co., 24 Okla. 747, 104 Pac. 31, that:

"If proof is offered of an issue, or of a single fact different from that stated in the pleadings, but not amounting to a failure of proof, and no objection is made by the adverse party, it is of no consequence. The objection is not available in the reviewing court. It is too late then."

This declaration of law is peculiarly applicable here. It is not a question of failure of the proof to show that the obligation had been discharged; but the matter of failing to formally plead what appears to constitute a perfectly good defense.

A study of the record leads us to conclude that substantial justice was done by the judgment. The judgment is, therefore, affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853, § 2834; 2 R. C. L. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. p. 79. (2) 3 C. J. p. 727, § 623; 2 R. C. L. pp. 69-75; 1 R. C. L. Supp. pp. 381, et seq.; 4 R. C. L. Supp. p. 78; 5 R. C. L. Supp. p. 68. (3) 4 C. J. p. 1131, § 3124.