### BADGER et al. v. DUKES.

No. 17464. Opinion Filed July 3, 1928.

Rehearing Denied Dec. 18, 1928.

Bicking & Wilson, for plaintiffs in error.

Joe W. Simpson, for defendant in error.

DIFFENDAFFER, C. This is an action, commenced in the court of common pleas of Tulsa county, by defendant in error, hereinafter referred to as plaintiff, against plaintiffs in error, hereinafter referred to as defendants, to recover the sum of $600. The plaintiff in his petition alleged, in substance, that in September, 1923, he sold about 4 miles of 2 inch pipe to Hamilton and Church, a copartnership composed of H. B. Hamilton and Virgil Church, and took from them, representing the balance of the purchase price thereof, a note in the sum of $1,612.50, the note being secured by a chattel mortgage covering the pipe. That about January 12, 1924, said note and mortgage was reduced to $600. That Hamilton and Church were unable to pay the balance, and plaintiff was about to bring suit to foreclose the chattel mortgage. That, for the purpose of effecting a settlement, Hamilton and Church procured defendant Harry Badger to purchase from them an undivided 1/8 interest in the pipe, together with a like interest in a certain oil

and gas lease and appurtenances thereunto belonging; that defendant Badger agreed with Hamilton and Church, and in the presence of plaintiff, that if they would execute an assignment to him of the 1/8 interest in said lease and pipe line, that he, Badger, would pay to plaintiff the $600 balance due him as soon as the pipe line was connected with the well, the meter set, and gas was run through the line; that at the same time, in pursuance of said agreement, defendant Badger drew his check in the sum of $600, payable to H. B. Hamilton, which was thereupon, in the presence of all the parties, indorsed by Hamilton and delivered to defendant Reedy, to be delivered to plaintiff when the assignment of the 1/8 interest in the lease and line was delivered to defendant Badger, and the pipe line was connected as agreed upon; that shortly thereafter the assignment of the 1/8 interest in the line and lease to Badger was executed and placed of record in Tulsa county, and the pipe line was connected and gas was run through the line; that thereupon he made demand upon both defendants for the $600, but both failed and refused to pay same.

Defendants filed separate motions to require plaintiff to make his petition more definite and certain in certain particulars. The only important ground of this motion, as we view it, was the sixth, which was:

"That plaintiff be required to set out whether or not the said plaintiff was a party, in any way, to the contract partially alleged in plaintiff's petition, between the plaintiff and defendant herein and if the release of note and mortgage was a part of the agreement between the said plaintiff and this defendant, Harry Badger."

This motion was sustained as to the first ground, and overruled as to all others, including the sixth. Separate demurrers were filed and overruled. The grounds of the demurrers were, that the petition failed to state a cause of action and that the court was without jurisdiction of the subject matter of the action. The rulings of the court on the motions and demurrers are indicated in the record only by copies of recitals from the minutes of the clerk.

Defendants answered separately by general denial, and defendant Badger further alleged that he did agree to purchase an interest in the lease and line for the sum of $600, but that such agreement was upon the express condition that Hamilton and Church were to complete the pipe line, bury the same, and place drip cups thereon, so that the pipe line would be complete in every respect, so as to comply with the provisions of the lease and the requirements of the Oklahoma Natural Gas Company, which company was the purchaser of the gas, and that this was all to be done within two weeks; that the check was placed with defendant Reedy to be held in escrow to be delivered to Hamilton and Church when the pipe line was completed, and that he had nothing whatever to do with any agreement between plaintiff and Hamilton and Church; that the agreement was never complied with and the pipe line was not completed within the two weeks period, and that thereafter he drew down his check.

The separate answer of defendant Reedy was substantially the same as that of Badger, except that he alleged that he had no interest in the matter, except that of escrow holder.

Plaintiff replied by general denial of all the allegations in the answers that traverse the allegations of his petition.

The issues as thus joined were tried to a jury, resulting in a verdict for plaintiff, upon which, after motion for new trial was filed and overruled, judgment was entered. From this order and judgment, defendants brings this appeal.

The objection, that the trial court was without jurisdiction of the subject-matter of the action, we think, is without merit. The contention is that the act creating the court of common pleas (section 1, ch. 51, Session Laws 1923), in defining the jurisdiction thereof excepted therefrom "* * * cases involving title to real estate and causes in action for divorce and actions where the relief asked for in the petition is purely equitable in its nature, and actions for libel and slander."

The action is one not coming within the exceptions, and one of which the court of common pleas clearly had jurisdiction. The errors complained of in overruling the motion to make more definite and certain and overruling the demurrer to the petition may by considered together.

The petition does not allege a consideration for the promise of defendant Badger to pay to plaintiff the $600 sued for. The motion to make more definite and certain as well as the demurrer called attention to this defect. Both the motion and demurrer were well taken and we think the action of the trial court in overruling them was error which might call for a reversal unless same was cured at the trial by permitting plaintiff

to testify concerning the consideration without objection by defendant.

The plaintiff testified, without objection, that defendant Badger came to him and told him that he (Badger) was buying a 1/8 interest in the oil and gas well and gas line-pipe line, and was paying $600 therefor, and that he signed the check and put it up in escrow with Reedy, to be delivered to plaintiff when the line was connected, the meter set, and gas run through the line and with reference to the mortgage he testified without objection and in response to questions propounded by counsel for defendant, as follows:

"Q. Did you hear the conversation that went to make up this agreement you have testified about? A. Yes, sir. Q. What did Badger say at that time? A. Mr. Badger said to me he would give a six hundred dollar check payable to Hamilton if I would turn the mortgage over and it would be good money and I would not lose it. Q. Why was this check then put in escrow? A. Until the Oklahoma Natural was connected up. He wanted the Oklahoma Natural to set their meters and connect up the line. Q. Now, as a matter of fact, were the meters set at that time? A. No, sir; they were not set at that time. They claimed they were not. I was not out there."

He also testified fully, without objections, as to the check being made payable to Hamilton, and indorsed by Hamilton to plaintiff and placed in escrow to be delivered to him upon the pipe line being connected and the meter set and gas run through the line.

It has been repeatedly held by this court that the amendment of a plea which ought to have been allowed if leave to make it had been asked in the trial court to conform to the evidence adduced without objection or by the adverse party, will be regarded in this court an having been made. Harn et al. v. Patterson, 58 Okla. 694, 160 Pac. 924; Love v. Kirkbride Drilling & Oil Co., 37 Okla. 804, 129 Pac. 858; Stuart et al. v. Mayberry, 105 Okla. 13, 231 Pac. 491; Atlas Assur. Co. v. Leonard, 108 Okla. 150, 234 Pac. 771.

The record discloses that the defendants themselves upon cross-examination brought out clearly that the consideration for the promise of Badger to pay plaintiff was the release of the chattel mortgage covering a part of the property in which defendant Badger had bought the 1/8 interests.

We think the effect of this was to waive the error of the court, if any, in overruling the motion to require plaintiff to make his petition more definite and certain as to the consideration, as well as the error, if any, in overruling the demurrer to the petition.

Defendants also assign as error the refusal of the court to sustain a demurrer to plaintiff's evidence.

In the trial court plaintiff contended for a direct contract with defendants, whereby defendant Badger agreed to deliver to him the check for $600 as soon as the pipe line was connected with the well, the meter set, and gas run through the line, in consideration of the release of the mortgage. Defendant Badger contended at the trial that he did not have any direct agreement whatever with plaintiff, and that his agreement was with Hamilton and Church alone, and that his agreement with them was that the $600 was not to be paid until the pipe line was connected, the meter set, the line buried, drip cups placed thereon at proper intervals, and gas run through the main, and that the time limit in which this was to be done was two weeks from the date of the agreement, and that Hamilton and Church failed to bury the line and failed to place drip cups thereon, as agreed, and that upon their failure so to he was entitled to and did demand and receive from Reedy his check.

Evidence was offered by both sides tending to establish their respective contentions. The evidence was conflicting, but we think there was sufficient evidence offered by either party which, if believed by the jury, was sufficient to support a verdict.

It is well settled that upon a demurrer to plaintiff's evidence if there is any competent evidence tending in the slightest degree to support plaintiff's case, it is not error to overrule a demurrer thereto.

A demurrer to the evidence admits all of the facts produced together with all reasonable inferences therefrom, and in the event such facts and inferences disclose a cause of action, it is error to sustain such demurrer. Worley v. Carroll, 110 Okla. 199, 237 Pac. 120; Whitfield v. Jones et al., 110 Okla. 237, 237 Pac. 440.

It is also urged that the verdict is not supported by sufficient evidence and is contrary to law. As pointed out, the evidence is conflicting, there being evidence in behalf of each party, which if believed by the jury would support a verdict. It is well settled that where controverted questions of fact are submitted to a jury on conflicting evidence, and there is any competent evidence rea-

sonably tending to support the verdict, such verdict will not be disturbed by this court. Amons v. Howard, 111 Okla. 195, 239 Pac. 217; Robb v. Moffett, 112 Okla. 20, 239 Pac. 674. See, also, Pfenninghausen v. Horinek, 112 Okla. 94, 240 Pac. 81; Shaw-Spears Gin Co. v. Apache Cotton Oil & Mfg. Co., 112 Okla. 202, 240 Pac. 732; Douthat, Adm'r, v. James, 112 Okla. 293, 240 Pac. 1049; Carey v. Barnett, 112 Okla. 272, 240 Pac. 1062; Gulf, C. & S. F. Ry. Co. v. Brown, 112 Okla. 1, 239 Pac. 599.

It is urged that the trial court erred in giving the following instruction:

"You are instructed that if you believe from the evidence that Harry Badger promised and agreed to pay Jason Dukes $600 when the pipe line was connected and a 1/8 interest assigned to him, you are instructed that it would be immaterial what agreement was had between Harry Badger and Will Reedy or either of them with Hamilton and Church or either or them, with reference to the ownership of the pipe."

In this instruction it will be observed the court instructed upon plaintiff's theory. Defendants' theory was presented in another instruction, wherein the jury was told that if they failed to find by a fair preponderance of the evidence that the agreement was had directly with plaintiff, then the verdict should be for the defendants. We think the instructions, as a whole, fairly presented the law, and that there was no error in giving the instruction complained of.

Defendants complain that the verdict and judgment are excessive in that they provided for interest at 6 per cent. from the 12th day of January, 1924, the date of the agreement. In support of this assignment, defendants cite section 5105, 1921, providing that all judgments shall bear interest from the date of their rendition, etc. We think this section has no application here. The question is, From what date should plaintiff's claim, if any he has, draw interest? No complaint is made of the rate fixed by the jury, and we think six per cent. is the proper rate. Plaintiff in his evidence did not show upon what date or at what time the line was connected, the meter set, and gas begun to be run through the line. In 33 C. J. 230, the rule is stated as follows:

"The general rule is that interest on money runs from the time when the money becomes due and payable in the absence of some agreement providing otherwise. and the rule applies whether the claim is based on an express contract or on a quantum meruit. A creditor seeking to recover interest must show when the debtor's liability became fixed so as to establish the time from which the interest is to be computed, and in the absence of such a showing interest should be allowed only from the commencement of the action."

The plaintiff having failed to prove the date when his money became due and payable under his alleged contract, it follows that under the general rule he is entitled to interest only from the date of commencement of the action, which the record shows was April 27, 1925. It does not follow, however, that the judgment should be reversed on this account alone.

Complaint is also made of alleged misconduct of plaintiff's attorney in cross-examination of defendant Badger, and in his closing arguments. We have examined the record, and are of the opinion that this complaint is not well founded. We find no serious misconduct in the cross-examination. Complaint is only made of certain questions asked by plaintiff's counsel, wherein defendant was asked if he did not make certain statements to plaintiff's counsel, which was denied by defendant, and he complains that plaintiff by failing to offer evidence tending to prove such statements, thereby admitted that such questions were without foundation, and defendants were prejudiced thereby. We fail to see wherein defendants could be prejudiced.

The objection of defendants to the statement of plaintiff's counsel in his closing argument was properly sustained by the court, and we do not think defendants were prejudiced in any way.

The only substantial error in the record being that of interest, we are of the opinion that the judgment of the trial court should be modified so as to provide for interest from the commencement of the action, to wit, April 27, 1925, at the rate of 6 per cent. per annum, and as so modified the judgment should be affirmed.

BENNETT, REED, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.