## SINGER SEWING MACHINE CO. v. RILEY.

No. 25870.   Oct. 6, 1936.

Yancey, Spillers & Brown, for plaintiff in error.

Quinn Dickason, for defendant in error.

PER CURIAM. This action was originally filed in the justice of the peace court in and for district No. 4, Tulsa county, Okla., by the defendant in error, Madam Riley, against the plaintiff in error, Singer Sewing Machine Company, a corporation, on the 25th day of October, 1933. The bill of particulars filed by the plaintiff prays judgment against the defendant for the sum of $169, with interest, on account of the alleged breach of warranty on a certain Singer sewing machine purchased by the plaintiff from the defendant company. Said cause was tried in the justice of the peace court on the 27th day of October, 1933, both plaintiff and defendant appearing and announcing ready for trial, and at the conclusion of said trial the justice of the peace rendered judgment in favor of the plaintiff and against the defendant for the sum of $159, with interest at the rate of 6 per cent. per annum from date, and the further sum of $1.85 taxed as costs.

On the 31st day of October, 1933, appeal bond was duly filed by the defendant, Singer Sewing Machine Company, and said cause appealed to the court of common pleas within and for Tulsa county.

Thereafter, and on the 16th day of April, 1934, said cause came on for trial in the court of common pleas of Tulsa county before Honorable John R. Woodard, judge thereof. The plaintiff being present in person and by her attorney, Quinn Dickason, and the defendant being present by its officers and represented by its attorneys, Yancey, Spillers & Brown, and by Mr. Fleetwood. Both plaintiff and defendant announced ready for trial. A jury was duly impaneled to try said cause. The plaintiff introduced her evidence and rested, whereupon the defendant interposed its demurrer thereto, which said demurrer was by the court overruled and exceptions taken. Whereupon the plaintiff requested and was allowed permission to reopen the case for further evidence, without objections on the part of the defendant. Whereupon plaintiff introduced further evidence and rested, and the defendant again demurred, which demurrer was overruled by the court and exceptions allowed. Whereupon the defendant introduced its evidence and both plaintiff and defendant rested.

Thereupon the jury was duly instructed by the court, neither plaintiff nor defendant objecting or excepting to any of said instructions, as shown by the record, and after deliberation the jury returned its verdict in favor of the plaintiff and against the defendant fixing the amount of plaintiff's recovery at $95. Journal entry of judgment was duly filed, entering judgment in favor of the plaintiff and against the defendant in the sum of $95 and costs taxed at $15.40.

Motion for new trial was duly filed, heard and denied by the court, and to reverse the judgment of the trial court, the defendant prosecutes this appeal.

For convenience the parties will be referred to as they appeared in the lower court.

For reversal of the judgment the defend-

ant sets up several assignments of error, which we believe can be disposed of under two general propositions, to wit: (1) That the court erred in overruling the demurrer of the defendant to plaintiff's evidence. (2) That the evidence of the plaintiff is insufficient to support the judgment rendered.

The rule of this court is that for the purpose of a demurrer all of the evidence offered by the plaintiff should be taken as true, and when the evidence, together with all reasonable inferences that may be drawn therefrom, is sufficient to sustain a cause of action, a demurrer thereto should be overruled.

In this case the plaintiff testified that she called an agent or employee of the defendant company to her place to fix the motor on a sewing machine that she then owned; that he came and talked to her about buying a new machine; that he brought the machine to her place; that it was a regular $185 machine, and he offered it to her at a special holiday price of $130; that she asked him what was the matter with the machine that he only wanted $130 for it, was it a secondhand machine, and that he replied that it was not, but that it had been used on the floor some; that they only had two of them left. Plaintiff further testified that this agent or employee of the defendant company agreed to allow her $60 for her old machine on the purchase price of the machine in controversy, and that he stated to her: "We will keep this in order for five years for you and grease it for you." Plaintiff further testified that she accepted the machine on those terms, and that within some five to ten days she began having trouble with it; that she told the agent of the company that they had sold her an old machine; that the screws were all broken, and that he replied that it was not a secondhand machine; that she continued having trouble with the machine, and finally made the statement that she would not make further payments until the machine was put in satisfactory working condition; that they came and took the machine to repair it some three times, and the last time when she called upon them to return the machine they replied that they could not return it until she had made a substantial payment thereon; that she refused to make the payment until the machine was in satisfactory condition as guaranteed or represented. Subsequently this suit was filed.

We are of the opinion that the evidence of the plaintiff clearly tends to sustain her cause of action, and that the trial court committed no error in overruling the demurrer of the defendant.

The record further discloses that at the close of plaintiff's evidence defendant interposed its demurrer, which demurrer was overruled, and then the defendant introduced its evidence and both plaintiff and defendant closed, at which time no motion for instructed verdict was made by the defendant.

This court has held:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer, but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of plaintiff." Local Building & Loan Ass'n v. Hudson-Houston Lumber Co., 150 Okla. 44, 3 P. (2d) 156; Abraham v. Gelwick, 123 Okla. 248, 253 P. 84; Dryfoos v. Davison, 146 Okla. 160, 293 P. 1099; Watson v. Doss, 151 Okla. 132, 3 P. (2d) 159.

The record further discloses that there was a controverted question in this case as to whether the sewing machine purchased by the plaintiff was a new machine, carrying all the warranties incident to the sale of new machinery, or whether it was a secondhand or used machine. And, further, if the jury found it was a secondhand or used machine, whether or not the defendant expressly warranted same to be in a good condition and capable of performing certain functions, and whether or not there was a breach of that warranty.

The court instructed the jury upon both of these propositions of law, and the defendant saved no exceptions to any of the instructions given.

This court has held in numerous cases that:

"Where there is competent evidence introduced at the trial, reasonably tending to support the verdict of the jury, and no prejudicial errors of law shown in the instructions, * * * the verdict and finding of the jury are conclusive on appeal to the Supreme Court." Shaw-Spears Gin Co. v. Apache Cotton Oil & Mfg. Co., 112 Okla. 202, 240 P. 732.

In Badger v. Dukes, 134 Okla. 27, 272 P. 414, this court held:

"It is well settled that where controverted questions of fact are submitted to a jury on conflicting evidence, and there is any com-

petent evidence reasonably tending to support the verdict, such verdict will not be disturbed by this court."

We are of the opinion that the instructions given in this case were in the main proper, and that there was no prejudicial error by reason thereof. We are further of the opinion that the evidence is sufficient to sustain the verdict and finding of the jury; that the defendant was given a fair and impartial trial, and no prejudicial errors were committed therein.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge Tal Crawford, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, CORN, and GIBSON, JJ., concur.