## ABRAHAM et al. v. GELWICK et al.

No. 16835—Opinion Filed Sept. 21, 1926.

Rehearing Denied Feb. 15, 1927.

1. **Pleading—Judgment on Pleadings not Favored—Demurrer to Petition.**

The rendering of a judgment upon the pleadings on motion is not favored by the courts. A motion for judgment on the pleadings should only be sustained where no cause of action or defense is stated, and such pleading is not susceptible of amendment. The proper practice for challenging a petition for failure to state facts sufficient to constitute a cause of action, where the petition may be amended so as to cure the defects, is by demurrer.

2. **Trial—Motion for Judgment on Opening Statement—When Authorized.**

Motion for judgment upon the opening statement of counsel should be denied, unless in said statement there is a solemn admission of facts made for the purpose of removing said facts from the realm of controversy, and which facts so admitted show that the party making the statement is not entitled to recover.

3. **Appeal and Error—Waiver of Error—Lack of Record of Action on Demurrer.**

A demurrer to a pleading will be deemed waived, where the record on appeal does not show that it was called to the attention of the trial court, and there ruled upon.

4. **Appeal and Error—Sufficiency of Evidence—Necessity for Objections Below.**

Where the defendant demurs to the evi-

dence in chief of the plaintiff and defendant afterwards introduces evidence, and thereafter plaintiff introduces further evidence, and in rebuttal, and the defendant fails to renew his demurrer to all the, evidence, or request an instructed verdict, and permits the issues joined to be submitted to the jury upon all the evidence without objection and exception, the verdict, on review in this court, is conclusive so far as such evidence is concerned, except as to excessive damages, appearing to have been given under the influence of passion or prejudice.

**5. Appeal and Error—Questions of Fact —Conclusiveness of Verdict on Existence of Fraud.**

Fraud is a fact to be established as any other fact, and where a jury has passed upon the question and there is any evidence in the record reasonably tending to support the verdict, the same will not be disturbed by the Supreme Court on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by E. D. Gelwick and Nora V. Gelwick against Joe Abraham and Louis Abraham for damages. Judgment for plaintiffs, and defendants appeal. Affirmed.

Cheatham & Beaver, for plaintiffs in error.

Streeter Speakman and W. A. Chase, for defendants in error.

Opinion by RUTH, C. E. D. Gelwick and Nora V. Gelwick, as plaintiffs, brought their action against Joe Abraham and Louis Abraham, as defendants, and the parties hereto will be designated as they appeared in the trial court. The cause was tried upon the plaintiffs' amended petition, which contained three causes of action as follows, to wit:

"1. Plaintiffs claim to be the owner of certain lots in block 1, Gelwick addition to the city of Bristow in Creek county, Okla., and allege the defendants claim some right, title or interest therein, and pray defendants be required to set up their pretended title, and pray plaintiffs' title be quieted.

"2. Plaintiffs allege they executed a warranty deed to the lands conveying them to Joe Abraham on July 23, 1921, the consideration being $1,000 and defendants agreed to erect a $10,000 house on the block of land, construction of said house to be started not later than March 1, 1922, and prosecuted with due diligence, and in the event the defendants failed to so build the dwellinghouse, the deed should be null and void upon the plaintiffs paying to the defendant $900 on or before the 1st day of May, 1922.

"Plaintiffs allege that the understanding and agreement was that they should repay defendant the $900 on or before the 1st of June, 1922, but the deed was written by defendant Louis Abraham, who fraudulently inserted the date of repayment as of May 1, 1922, instead of June 1, 1922, and thereby cheated and defrauded and misled the plaintiffs into signing the deed; that defendants did not file the deed for record until after June 1, 1922, and that this was done to prevent the plaintiffs from knowing or learning May 1 had been written in the deed instead of June 1, 1922.

"That defendant did not commence the erection of the improvements on March 1, 1922, but, relying upon the understanding and agreement, plaintiffs did not tender defendants the $900 on or before May 1, 1922, but did tender him said sum prior to June 1, 1922, which tender was refused by defendant, and Joe Abraham told plaintiff he never did intend to perform the conditions of the deed at the time he entered into same.

"Plaintiff then prays in his second cause of action that the deed be canceled, and that they have judgment for possession."

In their last cause of action, which is numbered "Fourth Cause of Action," plaintiffs adopt their first cause of action, and paragraph 1 of their second cause of action, which relates to the execution of the deed by plaintiffs; the agreement or covenant to build; the condition of nullification; and avoidance of the deed; and the alleged fraudulent insertion of "May 1" instead of "June 1."

Plaintiffs also adopt paragraphs 1 to 7 of their third cause of action, but as there is no "Third Cause of Action" so numbered or designated, the court is not advised of what they intended to adopt, but in their last cause of action plaintiffs allege they had put on a new addition to the city of Bristow, known as "Gelwick Addition," and were trying to market the same, and the lots conveyed to defendants adjoined the city of Bristow, and were of the value of $10,000, and laid between Bristow and the balance of the Gelwick addition, and their object in requiring a $10,000 residence to be built by defendant was to enhance the value of the lots in this addition, but defendants, after obtaining possession of the property, rented the same to persons who erected small "shacks," tents, and barns, and corrals for horses and mules thereon, to the injury of the value of the lots in the remainder of the addition in the sum

of $10,000, and the plaintiffs pray cancellation of the deed and damages in the sum of $10,000.

Defendant Joe Abraham demurred separately to each cause of action, and to the petition as a whole: First, by general demurrer to the separate causes of action; and, secondly, that the written contract (the deed) could not be varied by parol testimony, and that the facts stated were not sufficient to charge fraud.

Louis Abraham disclaimed any interest in the land, and Joe Abraham filed his answer, consisting of a general denial, and denied specifically that plaintiffs ever tendered him $900 prior to June 1, 1922, but alleges he, defendant, offered to reconvey the land to plaintiffs upon payment of the $900, which offer the plaintiffs refused, and the deed became absolute, and that defendant never rented any of the land until after the first of June, 1922, and denies the plaintiffs are damaged.

The cause was tried to a jury, and a verdict returned for the plaintiffs in the sum of $2,400, and after motion for a new trial filed and overruled, this cause was regularly appealed to this court upon petition in error and case-made.

Defendants' first assignment of error is: "That the verdict is excessive, in that the judgment was for an amount in excess of the real and actual value of the land," and this is embodied in his motion for a new trial, and we have examined the evidence only for the purpose of ascertaining whether or not the verdict is excessive and for no other purpose.

Evidence was introduced tending to prove the 12 lots conveyed to defendant were worth from $400 to $800 each, and it is not controverted that, after the first of June, 1922, when defendant claims his title became absolute, small shacks, tents, barns, and corrals, were erected thereon, and as this block of land was between the city and the balance of the Gelwick addition, we cannot say the erection in the character of buildings described was not a detriment to the balance of the addition, and defendant well knew the plaintiffs required a $10,000 home erected on the land in question for the express purpose of enhancing the value of the balance of the Gelwick addition, and as there was evidence tending to prove the lands conveyed to defendant were of far greater value than the sum paid the plaintiffs, we are of opinion that, if this judgment can stand and be affirmed

by this court, the judgment was not excessive.

The second assignment of error is that the verdict and judgment are not sustained by the evidence, and are contrary to law.

Plaintiffs, in their answer brief, contend that this assignment of error cannot be considered by this court, for that the question was not properly presented to the trial court, citing Muskogee Elec. Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157, where it was held:

"Where the plaintiff permits issues joined to be submitted to the jury upon the evidence without objection and exception, the verdict, on review in this court, is conclusive, so far as such evidence is concerned, except as to 'excessive damages, appearing to have been given under the influence of passion and prejudice'."

An examination of the cited cases discloses the defendant neither demurred to the plaintiffs' evidence, nor requested an instructed verdict at the close of all the evidence, and the rule contended for has been upheld by a long line of decisions in this state. Myers v. Hubbard, 80 Okla. 97, 194 Pac. 433; McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558; Bank of Commerce of Sulphur v. Webster, 70 Okla. 73, 172 Pac. 942.

In the instant case, the defendants, at the close of the plaintiffs' evidence, demurred thereto, and it would be useless to require the defendant to renew his demurrer to the evidence, and again request an instructed verdict at the close of all the evidence, provided the plaintiffs introduced no further evidence, but in the instant case the plaintiffs introduced evidence in rebuttal of defendant's evidence, and the defendant failed to interpose a demurrer thereto, or request an instructed verdict upon all the evidence, which failure, we are of opinion, makes the rule laid down in the cases last cited herein inapplicable to the instant case, and the sufficiency of the evidence to sustain the verdict and judgment is not properly before the court for consideration.

This brings us to the third and fourth assignments of error, which are argued together, and in which it is alleged the court erred in overruling the motions of the defendants Louis Abraham and Joe Abraham for a judgment on the pleadings and the opening statement of counsel. While the opening statement of counsel is set forth in the "Statement of the Case" in defendants' brief, there is no attempt made in the argument, or elsewhere, to point out to

this court wherein there is found any foundation for this portion of the error assigned, or upon what portion of counsel's opening statement defendants found the alleged error, and this court has said:

"Motion for judgment upon the opening statement of counsel should be denied, unless in said statement there is a solemn admission of facts made for the purpose of removing said facts from realm of controversy, and which facts so admitted show that the party making the statement is not entitled to recover." Eastman Nat. Bank v. Hertzel et al., 100 Okla. 182, 229 Pac. 249; Brady v. Ratkowsky, 69 Okla. 193, 171 Pac. 717.

And in McLaughlin v. Lagers et al., 69 Okla. 155, 225 Pac. 920, this court said:

"After the pleadings are made up and issue joined by answer in the nature of general denial, if the petition is good against a demurrer it is good against a motion for judgment in favor of defendant upon opening statement of counsel, unless it appears that such statement contravenes the material allegations of the petition, whether by conceding errors in the petition or failure of the proof to sustain the petition."

An examination of the opening statement complained of, fails to disclose any such solemn admissions or contravening statements as are contemplated in the cited cases hereinbefore set forth, and the court did not commit error in overruling defendant's motion for judgment on such opening statement.

With reference to the motion for judgment on the pleadings, we are of opinion that, taken as a whole, the third cause of action, having adopted certain portions of the first and second causes of action, as though fully set out in the said third cause of action, incorrectly marked the fourth, stated a good cause of action for cancellation of the deed from plaintiffs to defendant, and a judgment upon the pleadings on motion is not favored by the courts, and this court has said in Good v. First Nat. Bank of Roff, 88 Okla. 110, 211 Pac. 1051:

"The rendering of judgment upon the pleadings on motion is not favored by the courts. 31 Cyc. 604. A motion for judgment on the pleadings should only be sustained where no cause of action or defense is stated, and such pleading is not susceptible of amendment. The proper practice for challenging a petition for failure to state facts sufficient to constitute a cause of action, where the petition may be amended so as to cure the defect, is by demurrer." Mires v. Hogan, 79 Okla. 233, 192 Pac. 811; Hubenthal v. Spokane, etc., R. Co., 43 Wash.

677, 86 Pac. 955; Jones v. Proctor, 24 Ohio Cir. Ct. 80.

Important questions of law involving the merits of the action are properly raised by a demurrer. In this case the court had overruled the demurrer of the defendants, and thereby held the petition stated a cause of action, but had the court sustained the demurrer, the plaintiffs may have amended so as to cure the defect raised by the demurrer.

In Mires v. Hogan, supra, this court held:

"A motion for judgment on the pleadings searches the whole record, and a judgment may be rendered for the party, either the movant or his adversary, entitled thereto as the record then stands; but the motion can never prevail unless, upon the facts established by the pleadings, the court, as a matter of law, can pronounce a judgment on the merits for one or the other of the parties'."

And in Owens v. Moraine et ux., 105 Okla. 285, 232 Pac. 818. this court held:

"A motion for judgment on the pleadings is not the proper method of testing the sufficiency of a pleading, but such procedure has always been condemned by this court. A demurrer is the only pleading recognized by the Code as performing that function."

It is true defendants filed their separate demurrers to plaintiffs' amended petition, but these demurrers do not appear to have been acted upon by the court, and a ruling upon the demurrers was not insisted upon by defendants, who it appears moved for judgment on the pleadings, and proceeded to trial, stipulating that the answers to the original petition should be considered as filed as the answers to the amended petition, and by so answering before ruling had upon the demurrers, defendants have waived the demurrer.

"A demurrer to a pleading will be deemed waived, where the record on appeal does not show that it was called to the attention of the trial court, and there ruled upon." Perkins v. Perkins, 37 Okla. 693. 132 Pac. 1097; Blaine County Bank et al. v. Noble et al., 55 Okla. 365, 155 Pac. 532.

Defendants, having waived their demurrer, elected to file answer and proceed to trial, and the cause was tried to a jury. The issues were clearly drawn. The facts to be determined by the jury were: First. Did Louis Abraham fraudulently insert "May 1, 1921," in the deed instead of "June 1, 1922?" Did plaintiff tender defendants $900 before June 1, 1922? What was the actual value of the property conveyed to

defendants? And what damage was sustained by plaintiffs by reason of the fraud, if any, practiced by the defendants in inserting "May 1" in the deed and in failing to erect the $10,000 residence on the land, as provided by the deed, and in its stead erecting shacks, tents, and horse and mule corrals thereon?

There was a conflict of evidence on these points, but they were decided in favor of the plaintiffs. Plaintiffs allege fraud in the procurement of the deed, and evidence was introduced reasonably tending to prove the same:

"Fraud is a fact to be established as any other fact, and where a jury has passed upon the question, and there is any evidence in the record reasonably tending to support the verdict, the same will not be disturbed in the Supreme Court on appeal." L. L. Tyler & Son v. Wheeler, 41 Okla. 335, 135 Pac. 351.

"Where issues of fact are submitted to a jury under instructions fairly covering the law applicable to such facts, a verdict upon conflicting testimony will not be disturbed. there being sufficient testimony to reasonably sustain the verdict. Patrick v. Siliskis, 105 Okla. 51, 222 Pac. 543; Kansas City So. Ry. Co. v. Pearson, 93 Okla. 260, 220 Pac. 632; Beggs Oil Co. v. Deardorff, 97 Okla. 33, 222 Pac. 535; Melton v. Perkins, 94 Okla. 236, 221 Pac. 70."

The court instructed the jury that the recovery of the land by the plaintiffs from the defendants was not to be determined in this action, the action being purely one for damages, and further instructed them as to the facts necessary to be found by the jury, as herein stated, before they could find for the plaintiffs.

The record discloses no objections made or exceptions saved to any instruction by the court, and it is well settled in this state that:

"Errors in giving of instructions are waived unless saved in manner and form provided by statute, and if an exception be not saved to an instruction in the court below, no error can be assigned in the Supreme Court by reason of the same having been given. Pioneer Tel. & T. Co. v. Tulsa Vitrified Brick & Tile Co., 60 Okla. 129, 159 Pac. 477; Seamans Oil Co. v. Davis, 87 Okla. 14, 208 Pac. 802; Fisher v. Woolery, 94 Okla. 110, 221 Pac. 45; Houk v. Galleciez, 89 Okla. 175, 214 Pac. 690."

Finding no error in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.