## DRYFOOS v. DAVISON et al.

No. 19770. Opinion Filed Nov. 25, 1930.

Rehearing Denied Dec. 16, 1930.

Leedy & Leedy, for plaintiff in error.

J. W. Burrow, for defendants in error.

ANDREWS, J. The plaintiff in error presents but one contention in his brief, and that is that the evidence is wholly insufficient to sustain the verdict and that his demurrer to the evidence should have been sustained.

An examination of the record discloses that the issue presented to the jury was raised by the defendants and consisted of a contention that the indebtedness sued on by the plaintiff had been satisfied by an accord and satisfaction. At the conclusion of the defendants' evidence the plaintiff demurred thereto, and the demurrer was overruled. Plaintiff then offered testimony for the purpose of denying the alleged accord and satisfaction. At the conclusion of that evidence there was no further demurrer to the evidence and there was no motion for an instructed verdict. The attack upon the sufficiency of the evidence, during the trial, was limited to the demurrer offered by the plaintiff to the evidence in chief of the defendants in support of their affirmative defense.

In this state of the record there is but one rule that can be applied and that was stated in Abraham v. Gelwick, 123 Okla. 248, 253 Pac. 84, as follows:

"Where the defendant demurs to the evidence in chief of the plaintiff and defendant afterwards introduces evidence, and thereafter plaintiff introduces further evidence, and in rebuttal, and the defendant fails to renew his demurrer to all the evidence, or request an instructed verdict, and permits the issues joined to be submitted to the jury upon all the evidence without objection and exception, the verdict, on review in this court, is conclusive so far as such evidence is concerned, except as to excessive damages, appearing to have been given under the influence of passion or prejudice."

That statement was based on the decision of this court in Myers v. Hubbard, 80 Okla. 97, 194 Pac. 433; McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558; Bank of Commerce of Sulphur v. Webster, 70 Okla. 68, 172 Pac. 943.

The judgment of the trial court is affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, HEFNER, and CULLISON, JJ., concur. CLARK, J., absent. SWINDALL, J., not participating.