## LOCAL BUILDING & LOAN ASS'N v. HUDSON-HOUSTON LUMBER CO. et al.

No. 19791. Opinion Filed June 23, 1931.

Everest, Dudley & Brewer, for plaintiff in error.

Dolman & Dyer, for defendant in error.

SWINDALL, J. This is an appeal by a plaintiff from a judgment in favor of an intervener. In the lower court, the intervener was practically a plaintiff and the plaintiff a defendant under the intervention petition. The action was a foreclosure suit in which the defendant in error intervened to recover $1,386.52 which it claimed to have deposited with the mortgagee, the plaintiff in error, to be applied in payment of the amount of interest required to put certain loans in good standing, on condition that the intervener, who held a junior mortgage, obtained title to the premises from the mortgagors, one of whom, a Mrs. Harlow, was then very ill. The issue was whether the deposit was conditional or whether, as the plaintiff contended, an actual payment made with the understanding that it would not be at once so credited on the books, the intention being not to permit the mortgagors to have the benefit of the credit should they sell the premises to some other person. and in such event to require them to pay the indebtedness without having the advantage of the credit. The plaintiff also contended that the intervener was estopped to deny the payment because of inducing the plaintiff to delay instituting foreclosure proceedings by its acquiescence in the distribution of the money to the various loans after it had been notified that such distribution had been made.

When the intervener rested, the plaintiff demurred to the evidence, but when the demurrer was overruled, it did not stand on the demurrer but proceeded to introduce evidence in its defense. At the close of the evidence the plaintiff did not move for a directed verdict, but special instructions were given and the jury returned a verdict for the intervener for the amount claimed.

In the brief the plaintiff in error groups all assignments of error under two general heads, one being that the judgment and verdict are not sustained by any evidence, and the other being that the evidence upon the question of estoppel is uncontradicted, and not inherently improbable, either in itself or in connection with any other circumstance, and that the facts being undisputed, that question should not have been submitted to the jury; and, on the matter of claimed estoppel, it urges the further claim that, since the question was submitted to the jury, they evidently disregarded the instructions, and that for that reason the verdict should be set aside. All these objections reduce themselves to the matter of the existence of, and the weight of the evidence.

A cursory examination of the evidence indicates that it was the intention when the money was remitted to the plaintiff that the intervener would take over the premises from the mortgagors, but this was not done because one of them, Mrs. Harlow, later refused to convey. Later, there was an effort to have the loans refinanced by the plaintiff, and there was correspondence as to the amount due. In one letter the plaintiff referred to the money as paid. In a later letter, it expressly referred to the fact that the money had been distributed to the loans, that letter reciting that the money had been held in suspense until a certain date and then distributed. There was evidence that Mr. Hudson, representing the intervener, asked the plaintiff's representative about that, and was assured that it was only a matter of form and that the deposit was still in the hands of the plaintiff, but that conversation was denied.

The plaintiff strongly urges that a letter from Mr. Hudson, indicating an understanding that it was the intention to have the plaintiff refinance the loans, shows conclusively that it was not the understanding that the money was deposited subject to the intervener's obtaining title to the premises, but that letter was written several months after the making of the deposit, and it was, to some extent at least, offset by a letter from Mr. Brewer, the manager of the plaintiff, after the foreclosure was instituted, in which, although he insisted that the money had been paid to avert foreclosure, he admitted that the reason for its having been put into a special account was the necessity of getting some papers signed by Mrs. Harlow.

The intervener insists that, since the plaintiff did not move for an instructed verdict, it cannot now complain as to the sufficiency or weight of the evidence. The intervener is squarely supported in its contention by the case of Abraham v. Gelw'ck, 123 Okla. 248, 253 Pac. 84, the fourth syllabus paragraph of which reads as follows:

"Where the defendant demurs to the evidence in chief of the plaintiff and defendant afterwards introduces evidence, and thereafter plaintiff introduces further evidence, and in rebuttal, and the defendant fails to renew his demurrer to all the evidence, or request an instructed verdict, and permits the issues joined to be submitted to the jury upon all the evidence without objection and exception, the verdict on review in this court is conclusive so far as such evidence is con-

cerned, except as to excessive damages, appearing to have been given under the influence of passion or prejudice."

The plaintiff insists that it can still urge the error, if any, committed in overruling its demurrer to the evidence, on the theory that the evidence which it later introduced was merely negative. The plaintiff in error than urges the frequent statement of the rule in the alternative as impliedly indicating that in all cases either procedure is sufficient, and that error in overruling a demurrer to evidence can be urged even though no motion for a directed verdict is made, citing cases in which the rule is laid down, to the effect that where a . party neither demurs to the evidence nor moves for a directed verdict, the evidence will not be reviewed. That contention was overridden by the opinion in Abraham v. Gelwick, supra, in which the court considered the fact that a demurrer had been interposed, and conceded that if the demurrant had introduced no evidence, it could still have been urged on appeal, but held that since the demurrant went ahead and put on his evidence and did not move for a directed verdict upon all the evidence in the case, the sufficiency of the evidence would not be considered. It seems that there are two jurisdictions, Colorado and Washington, where, in cases not cited by appellant, it was held that error in overruling a demurrer to the evidence could be urged even though the demurrant went ahead and put in his case, if his evidence did not supply the insufficiency, but that rule is opposed to the great weight of authority, and the true rule, and the reason for it, seem to have been aptly expressed by the United States Supreme Court in the language appearing in the following extract:

"The trial took place before a jury, and the assignments of error relate to the rulings of the court made in the course of such trial. We proceed to consider them in their order.

"1. That the court erred in overruling the defendant's motion for a nonsuit. In this connection. the bill of exceptions shows that the plaintiffs put in evidence the deeds from Bogk and wife to the plaintiffs, the agreement to reconvey, the lease with oral testimony of the rental value, and then rested. Defendant thereupon moved for a nonsuit upon the ground that plaintiffs had failed to prove that they were ever at any time in or entitled to the possession of the premises; that defendant ever entered into possession under or by virtue of said lease: and that plaintiffs totally failed to prove a demand to have been made for the possession of the premises, or ever served or gave notice to quit upon the defendant.

This motion was overruled. Defendant excepted, and proceeded to introduce testimony in defense.

"The practice in Montana (Comp. Stat. sec. 242) permits a judgment of nonsuit to be entered by the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case for the jury.' Without going into the question whether the motion was properly made in this case, it is sufficient to say that defendant waived it by putting in his testimony. A defendant has an undoubted right to stand upon his motion for a nonsuit, and have his writ of error, if it be refused; but he has no right to insist upon his exception, after having subsequently put in his testimony and made his case upon the merits, since the court and jury have the right to consider the whole case as made by the testimony. It not infrequently happens that the defendant himself, by his own evidence, supplies the missing link, and if not, he may move to take the case from the jury upon the conclusion of the entire testimony. Grand Trunk R. Co. v. Cummings, 106 U. S. 700 (27:266); Accident Ins. Co. v. Crandal, 120 U. S. 527 (30:740); Northern Pac. R. Co. v. Mares, 123 U. S. 710 (31:296): Union Ins. Co. v. Smith, 124 U. S. 405, 425 (31:497, 505); Bradley v. Poole, 98 Mass. 169; Columbia & P. S. R. Co. v. Hawthorne, 144 U. S. 202 (36:405)." Bogk v. Gassert, 149 U. S. 17, 23, 13 S. Ct. 738, 37 L. Ed. 631.

The case of Abraham v. Gelwick, supra, was followed by Dryfoos v. Davison, 146 Okla. 160, 293 Pac. 1099. Both cases are in accord with the case of Bogk v. Gassert, supra, and are properly based upon the ground therein expressed—waiver.

We observe that Abraham v. Gelwick, supra, and Dryfoos v. Davison, supra, both announce the rule to the effect that, in such cases, the verdict is conclusive so far as such evidence is concerned, **except as to excessive damages, appearing to have been given under the influence of passion or prejudice.** That exception is the fourth ground appearing in section 572, C. O. S. 1921, for which a motion for a new trial will lie, but the motion lies as well for error in the amount of recovery, under the fifth ground. That limitation expressed in those cases is disapproved as too narrow, because, on a demurrer to the evidence or a motion for a directed verdict made by the defendant, the only issue would be whether or not the plaintiff had introduced sufficient evidence to justify the jury in finding that it had established a cause of action, so that overruling the demurrer or motion is only a ruling to the effect that the jury may find a cause of action to have been established.

The appellant also complains that the

jury failed to follow the instruction of the court with regard to estoppel. The instruction was as follows:

"6. Gentlemen of the jury, the Local Building & Loan Association, as one of its special defenses, allege that after the money was deposited, or after the Local Building & Loan Association had received the money, that by various letters and various conferences and communications with the Hudson-Houston Lumber Company, that the Hudson Houston Lumber Company became aware of the fact that said funds had not been held in escrow, that same had been distributed and applied on the debts of said Harlow, and the Hudson-Houston Lumber Company thereby acquiesced in the action of the Local Building & Loan Association, and thereby induced the Local Building & Loan Association to forego the entry of foreclosure proceedings in this case, and thereby change their position to their hurt and detriment and, by reason of all these things, the Hudson-Houston Lumber Company is now estopped to set up the claim that the funds were deposited to be held in a special fund as heretofore more particularly described to you in the first paragraph of these instructions. In this connection you are instructed that if the Hudson-Houston Lumber Company had notice that the Local Building & Loan Association was not treating the funds as a special deposit, that it had applied said funds upon the payment of the debts of E. C. Harlow and that the lumber company acquiesced in said matter and induced the Local Building & Loan Association to be damaged and hurt in any manner, then you are instructed that the Hudson-Houston Lumber Company would be estopped upon the plea of special deposit in this case and your verdict should be for the Local Building & Loan Association.

"However, in this case, the burden to prove the estoppel, as heretofore outlined to you in this case, rests upon the Local Building & Loan Association, that is, facts sufficient to prove that, that is all of the facts the court has told you as would show the plea of estoppel, it must prove that by a fair preponderance of the testimony, as that term has heretofore been defined to you in these instructions."

No complaint is made that the instruction was erroneous. It was not peremptory, but was conditional upon what the jury might find the facts to be. This complaint is the same in nature as that which we have above considered, and is ruled by the same logic. For failure to move for a directed verdict on the matter of estoppel, and permitting the question to be submitted to the jury to be determined as they might conclude the facts to be under the evidence, there was a waiver just as there was for failure to move for a directed verdict on all the evidence in the case.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., disqualified and not participating.