## WAGGONER v. REED.

No. 21522.  Opinion Filed Nov. 17, 1931.

Brown Moore and Guy L. Horton, for plaintiff in error.

J. M. Springer, for defendant in error.

HEFNER, J. This in an action by Charline Mildred Reed, a minor, by her next friend, Estus Reed, against Dr. Roy E. Waggoner, to recover damages for injury to her person. The trial was to a jury, which resulted in a verdict and judgment in her favor in the sum of $1,500.

Defendant has appealed and in his petition in error he assigns 14 specifications of error. In his brief, however, he argues only the question that the evidence is insufficient to support the verdict and judgment. The other alleged errors are therefore waived.

The evidence on behalf of plaintiff establishes, in substance, the following facts: Plaintiff, at the time of the injury, was a minor ten years of age. She was living with her parents on Ninth street in Stillwater, Okla. The street runs east and west by her home. Immediately prior to the injury she was playing with other children in her yard. Her brother threw a ball northwest across Ninth street into a neighbor's yard. Plaintiff went to the neighbor's yard to recover the ball. After having recovered the ball she recrossed the street going in a southeasterly direction towards her home, and while so doing she was struck by an automobile driven by defendant, causing injury to her right leg which necessitated its amputation. Plaintiff testified that after having recovered the ball, and before attempting to cross the street, she looked in both directions and saw no approaching cars. There is a steep incline in the street 200 feet west of plaintiff's residence. A car approaching from the west cannot be seen until it reaches approximately the top of the hill. According to plaintiff's testimony, at the time she attempted to cross the street no car was in sight. The evidence on behalf of plaintiff shows that after she entered the street defendant approached from the west, driving across the hill at a rate of speed of about 45 miles per hour, without sounding his horn or giving any other signal or warning of his approach, and ran over plaintiff. These facts were denied by the defendant.

At the conclusion of the evidence, defendant demurred to the evidence, which was by the court overruled. Defendant then offered his evidence and rested, but at the conclusion of the evidence failed to challenge the sufficiency of the evidence to warrant a recovery by motion for a directed verdict or in any other manner. The sufficiency of the evidence to sustain the verdict and judgment is therefore not properly before us.

In the case of Local Building & Loan Ass'n v. Hudson-Houston Lumber Co., 150 Okla. 44, 3 P. (2d) 156, the following rule is announced:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer, but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff."

The same rule is announced by this court in the cases of Abraham v. Gelwick, 123 Okla. 248, 253 P. 84, and Dryfoos v. Davison, 146 Okla. 160, 293 P. 1099.

Under these authorities, the question of the sufficiency of the evidence to sustain the verdict is not properly before us, and since this is the only question discussed in the brief of defendant, the judgment must be affirmed.

LESTER, C. J., CLARK, V. C. J., and

RILEY, SWINDALL, and KORNEGAY, JJ., concur. CULLISON and ANDREWS, JJ., absent. McNEILL, J., not participating.

Note.—See under (1) 26 R. C. L. 1065.