## SEIDENBACH'S, Inc., v. MUDDIMAN.

No. 21707. Opinion Filed Jan. 26, 1932.

Samuel A. Boorstin and E. M. Calkin, for plaintiff in error.

H. L. Smith, for defendant in error.

CULLISON, J. Plaintiff instituted suit against defendant seeking to recover for services rendered defendant as an accountant and tax consultant before the United States Board of Tax Appeals. The parties will be referred to as they appear in the lower court.

Plaintiff alleged that he had rendered certain services for defendant of the reasonable value of $500, and that said amount remained due and unpaid. Defendant answered by general denial. The cause was tried to a jury and resulted in a verdict in favor of plaintiff.

Defendant appeals to this court, and submits three propositions in support of its appeal to reverse the lower court.

### First Proposition.

"That the verdict of the jury is not reasonably supported by the evidence and a motion for new trial should be granted."

At the trial of said cause and at the conclusion of plaintiff's case in chief the defendant demurred to plaintiff's evidence, but did not move for an instructed verdict, but proceeded to trial.

It is a well-established rule of law, and this court has many times held, where a trial is had and defendant does not move for an instructed verdict at the conclusion of the evidence, defendant cannot on appeal raise the question of the sufficiency of the evidence to support an adverse verdict.

In the case of Local Building & Loan Ass'n v. Hudson-Houston Lumber Co., 150 Okla. 44, 3 P. (2d) 156, this court said:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer, but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff."

See, also Watson v. Doss, 151 Okla. 132, 3 P. (2d) 159.

Since defendant failed to move for a directed verdict at the conclusion of all the testimony in said cause, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of plaintiff.

Defendant next contends:

### Second Proposition.

"That the action of account stated is not the proper action to recover for professional services."

In the trial of this cause the defendant did not raise the above question as required by law. The record discloses that the defendant did not present this question to the trial court by demurring to plaintiff's petition; neither did defendant object to the introduction of the evidence because of the insufficiency of the petition.

This court held in the case of Hilsmeyer v. Blake, 34 Okla. 477, 125 P. 1120:

"Objections that go to the form rather than legal sufficiency of a pleading will be deemed to have been waived, unless raised in the court below in some manner prescribed by law."

Under the holding of the court just cited, defendant cannot now raise said question in this court on appeal, since the same was not properly presented to the trial court.

Defendant contends, lastly;

### Third Proposition.

"That when two or more distinct causes of action are joined in one count in a petition, it is reversible error for the trial court to overrule a motion to separately state and number said causes of action."

We have carefully examined the petition filed in said cause and hold that said petition does not state more than one cause of action, and for that reason the ruling of the trial court in overruling the motion to separately state and number was proper.

After a full and careful consideration of the record in said cause and the authorities cited in the briefs of plaintiff and defendant, we find and hold: That the record does not show reversible error on the part of the trial court.

The decision of the lower court is affirmed.

LESTER, C. J., CLARK, V. C. J., and

RILEY, HEFNER, SWINDALL, AN-
DREWS, McNEILL, and KORNEGAY, JJ.,
concur.

Note.—See under (2) 21 R. C. L. 625; R.
C. L. Perm. Supp. p. 5084.