### BILBY v. ANGLIN et al.

No. 20916. Opinion Filed May 17, 1932.

Rehearing Denied June 21, 1932.

W. W. Pryor, H. M. Sandlin, and Robson & Moreland, for plaintiff in error.

F. M. Darrough and T. H. Fancher, for defendants in error.

HEFNER, J. This is an action brought in the district court of Hughes county by W. T. Anglin and Alfred Stevenson, partners, against N. V. Bilby to recover attorneys fees in the sum of $1,000.

Plaintiffs alleged that, prior to December 17, 1927, they had performed legal services for defendant at his instance and request, and that on that date it was agreed between the parties that defendant owed them a balance of $1,000; that he agreed to execute a note to them for that amount, payable in one year; the note was duly drawn for that amount, but defendant left the office and failed to execute the same. The defense was a general denial and that plaintiffs' cause of action was barred by the statute of limitations. The trial was to the jury and resulted in a verdict and judgment in favor of plaintiffs for the amount asked.

Defendant has appealed and states that the only error necessary to discuss is that the verdict of the jury is contrary to both the law and the evidence in the case.

Plaintiff Stevenson testified that the firm had performed legal services for defendant over a period of several years; that on December 17, 1927, it was agreed between them and defendant that he owed them a balance of $1,000 for such services. The cause was submitted to the jury without objections on the part of defendant. He neither demurred to the evidence nor challenged the sufficiency thereof to sustain the verdict in favor of plaintiffs by a motion for a directed verdict. The only manner in which this question was raised in the trial court was by motion for a new trial. This question cannot be raised in this manner. Newton v. Okmulgee Grocery Co., 88 Okla. 184, 212 P. 423, announces the following rule:

"Where a party acquiesces in the submission of the issues to the jury without either demurring to the plaintiff's evidence, or asking an instructed verdict, or otherwise attacking the sufficiency of the evidence, he cannot in this court successfully claim the evidence does not support the verdict, even though assigned in motion for a new trial as grounds therefor."

Numerous other authorities might be cited to sustain the rule above quoted. The question of sufficiency of the evidence to sustain the verdict is not properly raised, and we are not therefore required to consider the same.

Appellant further contends that the judgment is contrary to law because the trial court permitted a recovery on quantum

meruit when the suit was based on account stated. An examination of the record discloses that the trial court specifically charged the jury that plaintiffs could not recover on quantum meruit, and that unless they proved by preponderance of the evidence the account stated in their petition, they could not recover.

Appellant also urges that the court erred in instructions to the jury, though no specific objection is pointed out, nor does the record disclose an exception taken to any of them. It shows that, after reading the instructions to the jury, the trial court stated, "The record may show that the defendant is allowed an objection to each of the instructions given by the court." It has been repeatedly held that this observation on the part of the court is not a sufficient exception to authorize this court to review the instruction. This rule is so well established that it requires no citation of authorities in support thereof. It is urged by defendant that the rule does not apply because the instructions were given orally, and he cites in support of this contention the case of Braumle v. Verde, 33 Okla. 243, 124 P. 1083. Sufficient answer is that the record does not bear out defendant's contention that the instructions were given orally. The case-made states that, after the parties rested, the court read its instructions to the jury. We find no warrant in the record for the statement that the instructions were given orally. No proper exceptions having been taken to the instructions, we are not required to consider this assignment.

Appellant, in his reply brief, also claims that error was committed in that the plaintiffs were permitted to prove an open account after bringing their action on an account stated. This is not properly assigned as error in his brief. We have, however, carefully considered the evidence objected to, and hold that no reversible error was committed by the court in this respect.

The judgment is affirmed.

SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY and CULLISON, JJ., absent.