MARLAND REFINING CO. v. HARREL.

No. 22296. March 27, 1934.

William H. Zwick, Robert R. Pruet, and A. L. Hull, for plaintiff in error.

George H. Jennings and Wayne H. Lasater, for defendant in error.

OSBORN, J. This action was filed in the district court of Creek county by Otis C. Harrel against the Marland Refining Company, wherein the plaintiff sought to recover damages for certain oral and written statements made and circulated in and around the city of Sapulpa by the agents and employees of the defendant company, which plaintiff alleges were libelous or slanderous. The petition contained seven causes of action, but demurrers were sustained to the second, third, and fourth causes of action, and no cross-appeal has been filed by plaintiff, so that we are concerned here only with the first, fifth, sixth and seventh causes of action. Upon each of these causes of action a jury verdict was rendered favorable to plaintiff, on which judgment was rendered, and from which judgment defendant has appealed. The parties will be referred to as they appeared in the trial court.

It appears that plaintiff entered the employ of defendant in July, 1928, and his employment was terminated April 23, 1929; that he was an agent of the defendant company and had charge of the wholesale and retail sales of their products in and around the city of Sapulpa. The various causes of action herein relate to specific instances and separate acts, and to avoid confusion we are dealing with each separately.

In plaintiff's first cause of action, it is charged that the supervising agent of the defendant procured from one Sebe Christian, county judge of Creek county, a certain affidavit which is set out in full as follows:

"Sebe Christian, of lawful age, being first duly sworn, deposes and says:

"That at no time has he ever applied, recommended or requested from Marland Refining Company, Sapulpa, Okla., or Ponca City, or any other distribution point that are now or were operating in general on February, 1929, and also further states that at no time he has made purchase or authorized purchases to be made of said Marland Refining Company, and that statements issued by Ponca City office as of February 25, 1929, invoice 1913; January 27, 1929, invoice 1018; February 12, 1929, of $10 each, or a total of $20, and credit of March 16, 1929, of $20, and further states that these invoices if charged to his personal account were done with the intent to, defraud or cheat, and further pledges himself that he is willing to testify to same at the request of said Marland Refining Company if they see desirous to prosecute people or persons implicated in the above mentioned, and further states that he at no time had any knowledge that the above mentioned was being handled in this form as of February 25, 1929, statement as shown by accounts receivable of the Marland Refining Company of Ponca City."

It appears that when the affidavit was presented to Sebe Christian for signing, he substituted for the words "were done with the intent of defraud or cheat," the words "was done so without his knowledge or consent;" that the said defendant through its officers and agents exhibited said affidavit to various persons for the purpose of making it appear that plaintiff had forged or caused to be forged the name of Sebe Christian to two certain invoices which covered two coupon books for $10 each. Plaintiff alleges that the result of the circulation of said affidavits was to damage his good name, social standing, reputation, and business standing in the sum of $10,000, and that it has thereby become more difficult for him to secure employment in his chosen avocation, and that a certain surety company, who had executed a surety bond for him to defendant company, had since refused to execute a bond for him by reason of said imputation of dishonesty caused by the circulation of said affidavit.

For answer, generally, defendant pleads that the various causes of action are barred by the statute of limitations; that the court is without jurisdiction in this cause of action; a general denial of all material allegations contained in all of the causes of action.

In addition thereto, for answer to the first cause of action, it is alleged that plaintiff had sold certain products to Sebe Christian, and thereafter defendant had billed the said Sebe Christian with purchase price of such products and was thereafter advised by Christian that he had paid the purchase price to plaintiff, and thereupon defendant obtained the affidavit in question

Defendant denied malice, and alleged that the affidavit was obtained for the purpose of adjusting the account of Sebe Christian and that the contents of the statement are true.

On the first cause of action, the jury found for the plaintiff and fixed the amount of recovery at $1,500.

For plaintiff's fifth cause of action, it is alleged that one E. C. Callahan, or M. M. Dermedy, was supervising agent for the territory in which Sapulpa was located, and that the said Callahan, in the hearing of one John Boyd and one Wheeler, whose initials are unknown to plaintiff, made certain· slanderous statements to the effect that the plaintiff was a thief, a scoundrel, and a crook generally, and that plaintiff had blended and adulterated the gasoline of defendant for the purpose of cheapening the product in order to sell a greater number of gallons to his customers and thereby enhance the amount of his sales so that plaintiff could, would, and did divert to his own use the price of the gasoline above the amount which was originally furnished to him by the said company for such sales. Thereafter follows the formal allegations of damages to plaintiff's reputation. It is charged that, as a result of said slanderous statement, plaintiff has been injured in the sum of $10,000. To this cause of action, defendant entered a general denial. The jury found in favor of plaintiff and assessed his recovery in the amount of $2,500.

For plaintiff's sixth cause of action, it is alleged that one Mr. Farr, a representative of the defendant, on or about April 30, 1929, in conversation with Mr. H. Beatty of the Oil City Grocery Company, and other persons, stated that plaintiff padded the accounts of the said Beatty or the Oil City Grocery Company with the intention of robbing the defendant in the sum and amount of said account, and that said plaintiff was dishonest, unworthy of trust, unfitted for the agency aforesaid, and that he, as supervisor, had been forced to discharge the plaintiff from such agency. Thereinafter follows the formal allegation of damage to plaintiff's reputation, which plaintiff alleges amounted to $10,000. To the allegations of this cause of action the defendant filed a general denial and the jury found in favor of plaintiff and assessed his recovery at $750.

For plaintiff's seventh cause of action, it is alleged that one Callahan, or some other agent of defendant, unknown to plaintiff, in the presence of one Mr. Wheeler and a

Mr. Farr, made certain slanderous statements with reference to plaintiff, in which said agent of defendant said that plaintiff was a thief, a scoundrel, a liar, and an unmentionable name, and, on account of the dishonesty and unscrupulous conduct of plaintiff, that he had been removed as agent of the defendant company. Thereinafter follows the formal allegation of damages to plaintiff's good name and reputation. To this cause of action defendant entered a general denial, and the jury found in favor of plaintiff and fixed the amount of his recovery on this cause of action at $5,250.

The total amount of recovery on the various causes of action is the sum of $10,000. There is no claim that the acts complained of were not done in the scope of employment.

Defendant has made numerous assignments of error. Plaintiff calls attention to the state of the record and argues that a number of said assignments are not properly presented and cannot be considered by this court. In this connection, it is noted that defendant filed separate demurrers to plaintiff's original petitions, which were overruled and exceptions saved. Thereafter, plaintiff filed an amended petition, and the defendant filed a demurrer thereto, but while said demurrer was pending, defendant filed its answer and thereby waived its demurrer. No objection was made as to a misjoinder of the causes of action, so that defendant is now precluded from raising any objection to the sufficiency of the pleadings.

It also appears that at the close of plaintiff's evidence in chief, defendant interposed separate demurrers to the evidence offered in support of plaintiff's several causes of action. The demurrers were overruled and exceptions saved. The defendant, however, did not stand upon its demurrers, but introduced its evidence and plaintiff introduced rebuttal evidence. At the close of all of the evidence, defendant did not renew its demurrer or orally move for judgment in its favor. Plaintiff contends that defendant cannot now urge that the evidence was insufficient to establish a cause of action in favor of plaintiff. Plaintiff's position in this regard is substantiated by the rule announced in the case of Seidenbach's, Inc., v. Muddiman, 155 Okla. 61, 7 P. (2d) 471, wherein it is said:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have fi-

nally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff.' Local Building & Loan Ass'n v. Hudson-Houston Lumber Co., 150 Okla. 44, 3 P. (2d) 156."

See, also, Watson v. Doss, 151 Okla. 132, 3 P. (2d) 159; Abraham v. Gelwick, 123 Okla. 248, 253 P. 84.

We are therefore precluded from considering any assignment of error which relates to the insufficiency of the pleadings or of the evidence to establish plaintiff's cause of action.

Defendant complains of a certain instruction of the court, being instruction No. 7, relating to plaintiff's first cause of action, in which the court instructed the jury that the article in question, that is, the affidavit of Sebe Christian, was actionable of itself and that no special damages need be proved, and that if they believed that defendant had published said statement, they must return a verdict for plaintiff in an amount not less than $100 and not to exceed $10,000. Defendant contends that the article in question is not libelous per se, and cites the rule announced in the case of Fite v. Oklahoma Publishing Co., 146 Okla. 150, 293 P. 1073, wherein it is said:

"The term 'per se' means by itself; simply as such; in its own nature without reference to its relations; and, in connection with slander and libel, the term is applied to words which are actionable because they, of themselves, without anything more, are opprobrious. In other words, a publication is actionable per se when the language used therein is susceptible of but one meaning, and that an opprobrious one, and the publication on its face shows that the derogatory statements, taken as a whole, refer to the plaintiff and not to some other person.

"In determining whether the article is libelous per se, the article alone must be construed, stripped of all insinuations, innuendo, colloquium and explanatory circumstances. The article must be defamatory on its face 'within the four corners thereof'."

See, also, Wiley v. Oklahoma Press Publishing Co., 106 Okla. 52, 233 P. 224.

Referring to the article in question, it is noted that the name of plaintiff is not mentioned therein. It is also noted that the place of the transaction therein referred to is not specified with certainty. Although the language of the document is not as clear as it might be, as it appears on its face, it is a mere statement that affiant did not purchase the goods specified by the invoices therein described. Measured by the rule above announced, it is clear that the statement is not libelous per se, and the court erred in so instructing the jury.

Plaintiff takes the position that it is not necessary to show that the article complained of is libelous per se to justify his recovery under this cause of action; that the averments of his petition supply the colloquium and innuendo necessary to constitute the article libelous; that in its ordinary intendment it charges the plaintiff with the commission of a crime; that is, the forgery of the name of Sebe Christian to certain invoices. Under this theory the cause should have been submitted to the jury. Since this was not done, we are called upon to presume what the jury would have done under such circumstances. This we cannot do. We may only presume that the jury followed the instructions of the court. Since the principal question was withdrawn from the jury and it was thereby precluded from passing thereon, we must say that the verdict on this cause of action cannot stand.

It is not contended that the various statements charged in the fifth, sixth, and seventh causes of action are not slanderous per se. As hereinabove suggested, the only defense pleaded to said causes of action is a general denial, which, under the rules of pleading applicable hereto, only raises the issue as to whether or not said statements were actually made. As we have also previously suggested, we are precluded from inquiring into the sufficiency of the evidence as to the establishment of said causes of action.

Defendant contends that the trial court erred in rejecting certain evidence which tended to prove the truth of the statements contained in the fifth, sixth, and seventh causes of action, and which also tended to show that the statements were made without malice. After the court refused the admission of said evidence, on the ground that same was not proper under the pleadings, the defendant sought to amend its pleadings and the court refused permission to amend. This is also assigned as error. The testimony offered was to the general effect that certain gasoline found in the tanks of one of the plaintiff's customers had been adulterated. Testimony was also offered to the effect that the records of the company failed to show certain remittances from plaintiff which should have been shown, and that during the month of October, 1928, plaintiff signed a written agreement whereby he acknowledged that his stock was short and agreed to make up the amount of shortage.

Under our procedure, the courts may exercise considerable liberality in allowing the amendment of pleadings to be made to conform to the proof, but such liberality must be confined to those cases where such amendments will not substantially change the cause of action or defense. The rule applicable hereto is found in the case of Sanders v. Matthews, 157 Okla. 223, 12 P. (2d) 873, and is as follows:

"The matter of presenting amendments of pleadings during trial is a matter largely within the discretion of the trial court, and where defendant attempts to amend an answer during trial, so as to interpose a special defense, the court did not abuse its discretion in refusing said amendment."

The above evidence was offered after plaintiff had submitted his evidence in chief and rested. Plaintiff had a right to proceed upon the theory that the issues had been made by the pleadings. Neither justification, mitigation of damages, nor truth had been pleaded by the defendant. Plaintiff was not required to prepare to meet these issues. It is clear that the trial court did not abuse its discretion in refusing to allow the pleadings to be amended at this stage of the proceedings under the circumstances as they existed in this case. Defendant contends that the verdicts of the jury are excessive; that the excess amount shows the influence of passion and prejudice. In this connection, it might be said that it is extremely difficult to measure damages of this nature. The jury, however, is the trier of the facts. The applicable rule announced in the case of Oklahoma Producing & Refining Corporation v. Freeman, 88 Okla. 166, 212 P. 742, is as follows:

"In an action for damages for personal injuries sustained, the court will not grant a new trial on the ground of excessive damages unless the amount awarded be so flagrantly outrageous and extravagant as to clearly show that the jury was actuated by passion, partiality, prejudice, or corruption."

In this case, the damages were fixed by the jury and approved by the trial court. We are not inclined to disturb their findings in this regard.

As to the first cause of action, the judgment of the trial court is reversed, and, as to the other causes of action, the judgment is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.