## HOLMES v. CHADWELL.

No. 22420.   Sept. 11, 1934.

Rehearing Denied Oct. 16, 1934.

Leahy & Brewster, for plaintiff in error.

Samuel A. Boorstin and Frank Field, for defendant in error.

OSBORN, J. This action was commenced by A. B. Chadwell against C. B. Holmes, doing business as the Success Motor Company, in the court of common pleas of Tulsa county, as an action in damages. The cause was tried to a jury and a verdict rendered in favor of plaintiff. From a judgment thereon, defendant has appealed.

Plaintiff alleges that on April 17, 1930, he entered into certain negotiations with defendant for the purchase of a 1930 model Studebaker Regal Commander sedan, and that through certain false and fraudulent representations by the agents and employees of defendant he was induced to enter into a contract for the purchase of the automobile; that said agents and employees represented that the automobile was the latest model manufactured by the Studebaker Company and was a new car and had never been run. After the purchase of the automobile, plaintiff discovered that it was not the latest model, but was an obsolete model, and was not a new car, but was a second-hand car. The prayer of the petition was for $1,000 actual damages and $1,000 exemplary damages. The purchase price of the automobile was $1,974. There was a general verdict by the jury for $600.

Defendant challenges the sufficiency of the evidence offered by plaintiff to sustain the recovery. In this connection, after plaintiff's evidence was introduced, defendant lodged a demurrer to the evidence, which was overruled; thereafter defendant introduced his evidence and plaintiff introduced his rebuttal evidence, and the cause was submitted to the jury. Defendant did not move for a directed verdict after all the evidence was introduced. It is not charged that the verdict was excessive. In

the case of Marland Refining Co. v. Harrel, 167 Okla. 548, 31 P. (2d) 121, it is said:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer, but puts in its evidence, it waives the demurrer, and, if it does not move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff."

See, also, Scidenbach's, Inc., v. Muddiman, 155 Okla. 61, 7 P. (2d) 471; Local Building & Loan Ass'n v. Hudson-Houston Lbr. Co., 150 Okla. 44, 3 P. (2d) 156; Watson v. Doss, 151 Okla. 132, 3 P. (2d) 159; Stanfield v. Lincoln, 150 Okla. 289, 1 P. (2d) 387; Dryfoos v. Davison, 146 Okla. 160, 293 P. 1099; Abraham v. Gelwick, 123 Okla. 248, 253 P. 84.

It is next contended that the trial court erred in refusing to grant a new trial on the ground of newly discovered evidence. Attached to the motion are certain affidavits which set forth the nature of the newly discovered evidence relied upon. An examination of these affidavits discloses that the evidence sought to be introduced was purely cumulative, and the only purpose which it might have served would have been to impeach the testimony of plaintiff on a matter not material to the determination of any issue presented herein. The applicable rule was recently announced by this court in the case of M., K. & T. Ry. Co. v. Embrey, 168 Okla. 433, 33 P. (2d) 481, as follows:

"A rule of wide recognition regarding the granting of new trials on the ground of 'newly discovered evidence' exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence."

See, also, Midland Valley Ry. Co. v. Goble, 77 Okla. 206, 186 P. 723; Wachstetter v. Challinor, 114 Okla. 119, 244 P. 194.

The granting of a new trial rests largely in the discretion of the trial court. There was no abuse of discretion shown by the court in refusing to grant defendant herein a new trial.

It is further contended that the proof does not justify a recovery of punitive or exemplary damages. It is argued that a

recovery cannot be had against the master for punitive or exemplary damages arising through the fraudulent representations of the servant or agent unless the master participates in the wrong or ratifies the conduct of the servant or agent. This position finds some support in the authorities from other states, but is contrary to the settled doctrine of this jurisdiction. Mayo Hotel Co. v. Danciger, 143 Okla. 196, 288 P. 309; A., T. & S. F. Ry. Co. v. Vosburg, 132 Okla. 196, 270 P. 58; St. L. & S. F. Ry. Co. v. Clark, 104 Okla. 24, 229 P. 779; Ft. Smith & W. Ry. Co. v. Ford, 34 Okla. 575, 126 P. 745.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.