## HUSEMAN v. BATTLES.

No. 24765.  April 30, 1935.

Rehearing Denied May 21, 1935.

Bond, Hatcher & Bond, for plaintiff in error.

Embry, Johnson, Crowe & Tolbert, for defendant in error.

BUSBY, J. This action was commenced in the district court of Grady county on the 7th day of March, 1931, by H. P. Battles, as plaintiff, against A. G. Huseman, as defendant. In his petition as finally amended the plaintiff sought to recover from the defendant the aggregate sum of $436.96 on two separate causes of action.

The first cause of action was for $96.96 for interest alleged to be due plaintiff from the defendant on a school district warrant for $1,212, which had previously been owned by the defendant and had been indorsed and transferred by the defendant to the plaintiff. The plaintiff had succeeded in collecting the principal amount due on the warrant from the school district, but had failed to collect any interest. He asserted in his petition that the defendant, by virtue of his indorsement of the warrant and by virtue of an agreement made at the time the warrant was indorsed, was liable and bound to pay him interest at 6 per cent. per annum from the time he received the warrant until he collected the principal amount from the school district.

The second cause of action was based upon the theory of subrogation. It was alleged, in substance, that the defendant had employed an attorney and agreed to pay him the sum of $340. It was asserted that the attorney would not accept the employment by the defendant until the plaintiff, H. B. Battles, executed a written agreement to pay the attorney the above mentioned sum. Plaintiff alleged that by virtue of this written contract of guaranty he was compelled to and did pay the debt of defendant and thereby became subrogated to the rights of the attorney for the purpose of recovering the amount paid from the defendant herein.

The defendant filed an answer joining issue, and in addition thereto presented a cross-petition for damages based upon alleged wrongful garnishment by the plaintiff. The details of the wrongful garnishment need not be discussed in this opinion.

The cause was tried to a jury in the court below; both the plaintiff and defendant introduced evidence and the jury returned its verdict in favor of the plaintiff for the sum of $406.51. Judgment was entered on the verdict of the jury.

The defendant brings the case to this court on appeal, appearing herein as plaintiff in error. For the purpose of convenience, we shall continue to refer to the parties in the order of their appearance before the trial court.

The first assignment of error presented by the defendant is that "the court erred in overruling the defendant's demurrer to the evidence as to each of the causes of

action." An examination of the record in connection with this assignment of error discloses that at the close of plaintiff's evidence the defendant interposed a demurrer based upon the ground that the evidence was insufficient to sustain the allegations of plaintiff's petition, and upon the further ground, directed specially at the plaintiff's second cause of action, that "the evidence shows clearly that H. P. Battles, plaintiff, was a guarantor and there is no evidence anywhere showing that any demand was made by W. E. Hughes upon the principal, which is a condition precedent to the filing of the suit."

A further examination of the record shows that after this demurrer had been overruled, the defendant introduced evidence in support of his answer and of his cross-petition. At the close of the evidence he failed to request or move for a directed verdict. Under this state of the record the sufficiency of the evidence to support the verdict is not properly before this court for review. In the case of Marland Refining Co. v. Harrel, 167 Okla. 548, 31 P. (2d) 121, we said in syllabus 1:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff."

To the same effect see Waggoner v. Reed, 153 Okla. 95, 4 P. (2d) 1047; Seidenbach's, Inc., v. Muddiman, 155 Okla. 61, 7 P. (2d) 471.

The second and only other assignment of error urged in the brief is that the court erred in its instructions to the jury. In connection with this assignment of error the instructions complained of are set forth in the brief.

However, in presenting the assignment, no authorities whatever are cited in support thereof. An examination of the instructions complained of discloses that they appear fair upon their face and it is not apparent without further research that this assignment of error is well taken. In the case of Drum Standish Commission Co. v. First National Bank & Trust Co., 168 Okla. 400, 31 P. (2d) 843, we said in paragraph 7 of the syllabus:

"Assignments of error presented by counsel in their brief unsupported by authority will not be noticed on appeal unless it is apparent without further research that they are well taken."

Under the foregoing authorities. the decision of the trial court is affirmed.

McNEILL, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.