## HAMIL v. MURPHY et al.

No. 27287.    Jan. 11, 1938.

L. E. Roseboom, for plaintiff in error.

C. Everett Murphy, for defendants in error.

RILEY, J. This action was commenced before a justice of the peace of Kingfisher county by defendants in error, herein referred to as plaintiffs, against plaintiff in error, herein referred to as defendant. Plaintiffs claimed $51, alleged to be due for work and labor, and $25 for alleged conversion of a duofold.

Judgment was for plaintiffs in justice court, and defendant appealed to the district court, where the cause was tried to a jury resulting in a verdict and judgment in that court in favor of plaintiffs in the sum of $62.

Defendant appeals to this court by petition in error and case-made.

The assignments of error are that the court erred in giving oral instructions over the objection of defendant, in admitting incompetent evidence on the part of plaintiffs, in overruling the demurrer to the evidence of the plaintiffs; that the verdict of the jury is contrary to the law and the evidence, and is excessive and not supported by the evidence, and that the court erred in overruling the motion of defendant for a new trial.

The record shows that the court did instruct the jury orally, but it fails to show an objection thereto by defendant. There is no exception saved to any of the instructions given. The assignment is therefore without merit.

The brief of defendant does not point out any evidence admitted on behalf of plaintiffs which he claims to be incompetent. In fact, there is no evidence pointed out to which defendant objected or saved an exception. A careful examination of the record will disclose that but two exceptions were saved by counsel for defendant in the entire record, one to the order overruling the demurrer of the defendant to the evidence of plaintiffs, and one to the order overruling the motion for a new trial.

The demurrer to plaintiffs' evidence was properly overruled, since there was some competent evidence concerning the labor. The demurrer was at the close of plaintiffs' evidence, and was not renewed at the close of all the evidence. Therefore, the contention that the judgment is not sustained by sufficient evidence is not well taken. Seidenbach's, Inc., v. Muddiman, 155 Okla. 61, 7 P. (2d) 471; Local Bldg. & Loan Ass'n v. Hudson-Houston Lbr. Co., 150 Okla. 44, 3 P. (2d) 156.

The question is not properly raised, though alleged as error in the motions for new trial. Bilby v. Anglin et al., 158 Okla. 75, 12 P. (2d) 222.

There is a suggestion that there was an improper joinder of causes of action. This matter is mentioned for the first time in the briefs of defendant. It was not presented to the trial court and therefore cannot be successfully raised in this court. K. C., M. & O. Ry. Co. v. Shutt, 24 Okla. 96, 104 P. 51.

The record in this case presents no question of error properly saved upon which to base a reversal of the judgment.

Judgment affirmed.

WELCH, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, C. J., and BAYLESS, V. C. J., absent.