**INDUSTRIAL BUILDING & LOAN ASS'N et al. v. ASHLOCK.**

No. 28535.  Feb. 7, 1939.

Rehearing Denied April 4, 1939.

Joe Chambers and Jack Paden, for plaintiffs in error.

Thompson & Ingersoll, Heber Finch, and H. W. Conyers, for defendant in error.

PER CURIAM. 'This action was instituted by defendant in error, hereafter referred to as plaintiff, against the plaintiffs in error, hereafter referred to as defendants. The plaintiff in his petition alleged in substance that defendants had caused him to be arrested and prosecuted for criminal trespass; that at the trial of said cause he had been acquitted; that said prosecution had been instituted without probable cause and for a malicious purpose and that he had been damaged thereby. The answer of the defendants was, in substance, a general denial. Trial was had to a jury. Defendants demurred to the evidence of the plaintiff, but when this was overruled, introduced evidence in their behalf and failed to renew their demurrer or to move for a directed verdict at the close of all of the evidence. The jury by its verdict found for the plaintiff and assessed his recovery at the sum of $200 as actual damages and $100 as punitive damages. Motion of the defendants for new trial was overruled and denied and they have appealed the cause here by petition in error and case-made.

As grounds for reversal of the judgment defendants urge: "First, the evidence does not sustain the verdict and judgment of the court; second, the verdict and judgment of the court are contrary to law."

The first contention of the defendants involves the sufficiency of the evidence, but since the defendants neglected to renew their demurrer or to move for a directed verdict at the close of the evidence, this contention

cannot be entertained. Hamil v. Murphy, 181 Okla. 523, 75 P.2d 405; Local Bldg. & Loan Ass'n v. Hudson-Houston Lbr. Co., 150 Okla. 44, 3 P.2d 156; Seidenbachs, Inc., v. Muddiman, 155 Okla. 61, 7 P.2d 471. The question was not properly raised although alleged as error in the motion for new trial. Bilby v. Anglin, 158 Okla. 75, 12 P.2d 222.

In support of the second contention advanced, the defendants assume that their first contention is well taken and argue that, therefore, their second contention must be likewise sustained. This is to proceed in a circle, and brings them out of the selfsame door in which they enter. The defendants cite Coleman v. Strong, 105 Okla. 282, 232 P. 378 (wherein the requisite averments in an action for damages on account of malicious prosecution are stated), and Shaw v. Cross, 83 Okla. 273, 201 P. 811, and Thelma Oil & Gas Co. v. Sinclair Gulf Oil Co., 97 Okla. 5, 222 P. 686, wherein it was held that the burden of proof is at all times upon a plaintiff in an action to recover damages for malicious prosecution to establish malice and want of probable cause. The petition of the plaintiff contained the requisite averments, and since the sufficiency of the evidence has not been properly presented and challenged, we are not at liberty to presume that the verdict and judgment was erroneous, but, on the contrary, will presume that they are supported by the evidence. As said in the case of Cox v. Wofford. 34 Okla. 374, 126 P. 1026:

"Error is never presumed, it must always be shown. And if it does not affirmatively appear, it will be presumed that no error has been committed."

The contentions advanced by the defendants present no reversible error.

Judgment affirmed.

BAYLESS, C. J., and OSBORN, CORN, DAVISON, and DANNER, JJ., concur.