### BELL v. BANCROFT.

No. 5816.    Opinion Filed February 8, 1916.

(155 Pac. 594.)

1. **HUSBAND AND WIFE—Conveyances by Married Women—Statute.** Sections 648 and 659 of chapter 27, Mansfield's Dig. Ark., put in force in the Indian Territory by Act Cong. of Feb. 19, 1903, c. 707, 32 Stat. 841, were, in so far as they affected the conveyance by a married woman of her lands, inconsistent with section 4621, c. 104, Mansfield's Dig., which was in force prior

thereto, and to the extent of such inconsistency said sections 648 and 659 were not in force in the Indian Territory before statehood.

2. **ACKNOWLEDGMENT—Conveyances by Married Women—Recitals in Certificate.** Under the laws in force in the Indian Territory at the time the deed in question was executed, a married woman could convey title to her real estate as though she were single; and the acknowledgment to such deed need not recite that it was executed "without compulsion or undue influence of her husband."

3. **INDIANS—Indian Lands—Restrictions on Alienation—Surplus Lands.** Section 16 of the Supplemental Agreement of July 1, 1902, c. 1362, 32 Stat. 643, with the Choctaws and Chickasaws, providing that alienable land shall not be alienated for less than its appraised value, applies only to the surplus lands of the allottee.

4. **SAME—Alienation—Pleading.** An answer, alleging that the deed of a Choctaw allottee, under which plaintiff claims title, is void for the reason that the purchase price of the lands conveyed thereby was less than the appraised value of said lands, but which does not allege that said lands were the surplus lands of the allottee, does not state a defense.

5. **REFORMATION OF INSTRUMENTS—Grounds—Fraud or Mistake.** An answer, alleging that a grantor intended to convey, and that the grantee intended to take, only a life estate in lands conveyed by a deed which is set forth in the answer, and which on its face conveys title to the lands in fee simple, but which does not allege fraud or mistake in the execution thereof, states no defense to an action by the grantee in such deed, or his assigns, to quiet title to said lands against the answering defendant, who claims title to the remainder in said lands.

(Syllabus by Rummons, C.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by Edgar A. Bancroft against R. D. Bell. From judgment denying application of defendant to set aside judgment, defendant brings error. Affirmed.

*Bond, Melton & Melton* and *J. O. Gilbert,* for plaintiff in error.

*H. A. Ledbetter,* for defendant in error.

Opinion by RUMMONS, C. Plaintiff in error, hereinafter styled the "defendant," filed an application in the

district court of Garvin county to vacate a default judgment in favor of defendant in error, hereinafter styled the "plaintiff," against him upon service by publication, and praying to be let in to defend in said action. As required by section 4728, Rev. Laws 1910, the defendant filed an answer with his application to vacate the judgment and be let in to defend. The plaintiff filed a motion to strike the application of defendant, for the reason that the application and exhibits were insufficient to warrant the court in entertaining such application, and at the same time demurred to the application for the reason that the matters alleged, including the exhibits thereto, failed to state facts sufficient to entitle defendant to the relief prayed for, and for the further reason that the allegations of the answer tendered by the defendant failed to state facts sufficient to constitute a defense to the petition of plaintiff. Upon hearing, the court sustained the motion and demurrer of plaintiff and denied the application of defendant. Defendant excepted, and brings this proceeding in error to reverse the action of the trial court.

The only question presented by the record and the briefs of counsel for plaintiff and the defendant is the sufficiency of the answer filed by the defendant. The action was one to quiet title to real estate in Garvin county in the plaintiff, and to remove a cloud upon such title, consisting of a pretended deed to the defendant conveying such real estate, and to enjoin defendant from asserting any title under such deed. The answer, in substance, admitted: That the land was allotted to John Ellis Hutchins, a citizen by blood of the Choctaw Nation. The allottee died without issue, and left surviving him his father, mother, and two sisters. That patents have

been issued for the land. That the mother of allottee, Abbie Hutchins, is a citizen by blood of the Choctaw Nation. That the father, Geo. S. Hutchins, is a citizen of the United States and not an Indian by blood. That the mother, Abbie Hutchins, inherited the land allotted and patented to John S. Hutchins. That on December 16, 1905, after the death of the allottee, his father and mother executed an instrument purporting to convey to John S. Mullen and L. V. Mullen the land in controversy, reciting a consideration of $300. That said sum of $300 was much less than the appraised value of said land, and therefore said conveyance was void. That the land was of the reasonable value of $2,500, and the consideration paid was out of proportion to the actual value of the land, and insufficient to support such instrument as a conveyance of the title to the fee. The answer further alleges that Abbie Hutchins intended to convey by such instrument only an estate for the life of said Abbie Hutchins, and no more; that said J. S. Mullen and L. V. Mullen intended to take by such instrument only an estate for the life of such Abbie Hutchins, and no more; that such conveyance was executed and accepted and the consideration paid and received with the agreement, understanding, and intention that only an estate for the life of said Abbie Hutchins should be passed by such conveyance; and that by reason thereof the said Abbie Hutchins conveyed only an estate for her life in the said land. The answer further alleges that L. V. Mullen conveyed to J. S. Mullen all his right, title, and interest in the land for the nominal consideration of $1, but that said L. V. Mullen at such time held no title to the fee in said land and conveyed none by such instrument. The answer further alleges that J. S. Mul-

len and wife on January 23, 1909, conveyed the land to the plaintiff, but that at such time said J. S. Mullen held only a life estate in the land; and that such conveyance passed only the life estate held by him; and that the plaintiff, holding only a life estate, could not maintain this action against the defendant, the holder of the fee, to quiet the title. The answer further alleges that the guardian of the sisters of the deceased allottee, under orders of the probate court of Garvin county, conveyed their interest in the lands in controversy to the said J. S. Mullen, but that said sisters had no interest whatever in such lands, and that such probate proceedings and guardian's deed conveyed no title to the said Mullen. It is further alleged that on the 23d day of July, 1910, Abbie Hutchins, joined by her husband, conveyed to the defendant the land in controversy subject to a life estate of the said Abbie Hutchins in and to the land theretofore conveyed to J. P. Gibson, J. S. Mullen, and L. V. Mullen; that deeds of conveyance to the defendant were duly recorded; that defendant paid a consideration of $1,500 for the conveyance of the fee of such lands, subject to the life estate of the Mullens; that the defendant is the owner of the fee-simple title to the land, subject to an estate for the life of Abbie Hutchins therein held by the plaintiff. The prayer is for a decree adjudicating the title between plaintiff and the defendant, and quieting and settling the same; and that plaintiff be enjoined from claiming any title in said land adverse to the defendant, except an estate therein for the life of said Abbie Hutchins. The answer pleads the deeds to J. S. and L. V. Mullen to J. P. Gibson, and to defendant, as exhibits, and the same are attached to and made a part of the answer as exhibits.

It is first urged by counsel for defendant that Abbie Hutchins alone inherited the lands in controversy from the allottee, and that the same being her separate property, and she, at the time of the execution of the deed to J. S. Mullen and L. V. Mullen, being a married woman, the deed was not properly acknowledged, inasmuch as it did not contain the clause "without compulsion or undue influence of her said husband." At the time of the execution of this conveyance, the laws of Arkansas were then in force in the Indian Territory, and it is contended that the provisions of Mansfield's Digest, secs. 648 and 659, put in force by the act of Congress of February 19, 1903, applied to this conveyance, rather than Mansfield's Digest, sec. 4621, which was put in force in the Indian Territory by act of Congress of May 2, 1890 (26 Stat. 81, c. 182). Under the provision of the former sections, the acknowledgment of a married woman, in order to convey her separate estate, was required to contain the clause above quoted; and the Supreme Court of Arkansas had held that a deed not so acknowledged did not convey title to the real estate. Under the provisions of the latter section, a married woman might convey her separate estate as a *feme sole,* and therefore no such form of acknowledgment was required as to her. Unfortunately for the defendant, this question has been determined by this court adversely to his contention. *Adkins v. Arnold,* 32 Okla. 167, 121 Pac. 186. This case, on appeal to the Supreme Court of the United States, was affirmed in *Adkins v. Arnold,* 235 U. S. 417, 35 Sup. Ct. 118, 59 L. Ed. 294. So that the law is well settled that a deed acknowledged as the deed in question is sufficient to convey the separate estate of a married woman in lands in what was the Indian Territory.

It is next contended by defendant that the allegation in the answer that the sole consideration paid by the Mullens to Abbie Hutchins for this land was $300, which sum was much less than the governmental appraised value of said lands, presents a sufficient defense to the petition of plaintiff. Plaintiff objects to the sufficiency of this allegation for the reason that it presents only a conclusion of law, inasmuch as it is not alleged what the appraised value of the land in question was; and it is not alleged therein that the lands in question were the surplus lands of the allottee. Section 16 of the Act of Congress of July 1, 1902 (32 Stat. 641), says:

"16. All lands allotted to the members of said tribes, except such land as is set aside to each for a homestead as herein provided, shall be alienable after issuance of patent as follows: One-fourth in acreage in one year, one-fourth in acreage in three years, and the balance in five years; in each case from date of patent: Provided, that such land shall not be alienable by the al-lottee or his heirs at any time before the expiration of the Choctaw and Chickasaw tribal governments for less than its appraised value."

We think the objection of plaintiff to the sufficiency of this allegation is well taken. Section 16, above quoted, applied only to the surplus allotment, and not to the homestead; and in the case of an allotment made after the death of the allottee section 16 does not apply at all. *Mullen v. United States*, 224 U. S. 448, 32 Sup. Ct. 494, 56 L. Ed. 834; *Gannon v. Johnson*, 40 Okla. 695, 140 Pac. 430, Ann. Cas. 1915D, 522. So that the allegation in the answer relied upon by the defendant was insufficient to state any defense to the petition.

It is next urged by counsel for defendant that the allegation of the answer that Abbie Hutchins intended to

convey, and Mullen to take, by such conveyance an estate only for life of said Abbie Hutchins in and to said land, and that the defendant is, by reason of his subsequent deed, the owner of the remainder after the termination of said life estate in the lands in controversy, states a complete defense to the petition of plaintiff. The plaintiff objects to the sufficiency of this allegation for the reason that, in the absence of an allegation of fraud or mistake, it is insufficient to vary the terms of the deed. The deed to J. S. Mullen and L. V. Mullen, so far as it throws light upon the point in controversy, is as follows:

"Have this day and do by these presents give, grant, bargain, sell and convey and have this day given, granted, bargained, sold and conveyed unto J. S. Mullen and L. V. Mullen all and singular the following described lands and premises, to wit: (Here follows a description of the land.)

"By this instrument it is intended to convey and we hereby convey as aforesaid all the right, title and interest that we now have or may hereafter acquire in and to all and singular the lands herein described, together with all the rights to and growing out of the estate of the said John Ellis Hutchins.

"To have and to hold, all and singular the aforesaid lands and premises unto the said J. S. Mullen and L. V. Mullen, their heirs and assigns in fee-simple forever, and we the said Geo. S. Hutchins and Abbie Hutchins, do hereby covenant with the said J. S. Mullen and L. V. Mullen that we are lawfully seized in a life estate of the aforesaid lands and premises, and if during our natural life a deed in fee simple can be executed it is intended by this conveyance to convey to the said J. S. Mullen and L. V. Mullen, their heirs and assigns a deed in fee simple to the aforegranted lands and premises, together with all the estate of the said John Ellis Hutchins both real,

personal and mixed, and we do for ourselves, our heirs, executors and administrators, warrant and defend the title and possession of the aforedescribed lands and premises unto the said J. S. Mullen and L. V. Mullen their heirs and assigns, during our natural lives, and in the event a deed in fee simple can be executed during the life of either or both of us, then in that event we, do for ourselves, our heirs, executors and administrators, warrant and defend the title and possession of the aforegranted lands and premises unto the said J. S. Mullen and L. V. Mullen, their heirs and assigns against the claim or claims of all persons whomsoever."

It will be noticed in the foregoing deed that the *habendum* clause grants an estate in fee simple, and only in the covenants of seisin and warranty is any reference made to a life estate. A simple reading of the deed is, we think, sufficient to show that it conveys an estate in fee simple, and not merely a life estate. It is apparent that the grantors intended to grant an estate in fee simple, but that they were in doubt as to whether or not they had more than an estate for life in the lands conveyed, and that, while they intended to convey all the estate in said lands of which they might be seised, they wished to protect themselves against any demands upon their covenants of seisin and warranty for more than a life estate. The covenants of seisin and warranty have nothing to do with the granting of an estate. They are implied from the use of the words "grant, bargain and sell' and are unnecessary, except as in the instant case, to restrict the covenants from the full covenants which would be implied. This deed being attached to and made a part of the answer of the defendant, the allegation that only a life estate was intended to be conveyed is in conflict with the plain terms of the deed made a part of

the answer, and there being no allegation that a greater estate was conveyed thereby than intended because of fraud or mistake, this allegation does not state a defense. *Thraves v. Greenlees,* 42 Okla. 764, 142 Pac. 1021; *Campbell v. Newman,* 51 Okla. 121, 151 Pac. 602.

Counsel for plaintiff in their brief argue the question of whether or not the deed is champertous; but, inasmuch as the propositions above determined dispose of the defenses alleged in defendant's answer, it is not necessary for us to determine whether or not defendant's deed was void because of champerty.

The answer filed by defendant having utterly failed to set up a defense to the petition of plaintiff, the trial court was right in denying the application of defendant to vacate the default judgment and let him in to defend. The judgment of the court below should therefore be affirmed.

By the Court: It is so ordered.