CUMMINS et al. v. HOUGHTON.

No. 21754. Jan. 23, 1934.

As Corrected Jan. 31 1934.

Pitchford & Pitchford, for plaintiffs in error.

L. L. Cowley, for defendant in error.

BUSBY, J. The question presented in this case is: Were the vendors in a contract for the sale of real estate, which provided that the purchase price should be paid on the deferred or partial payment plan, entitled to interest on the unpaid portion of such purchase price prior to the due date of the deferred payments?

On the 5th day of May, 1920, a written contract for the sale of real estate was entered into between Margaret Cummins and G. M. Cummins, as vendors, and Sam Houghton, as vendee, which read (omitting some portions having no bearing on this controversy) as follows:

"* * * That the parties of the first part (Margaret Cummins and G. M. Cummins) for and in consideration of the sums hereinafter mentioned to them to be paid by the said party of the second part (Sam Houghton) as hereinafter set forth, have contracted and agreed to sell to the party of the second part the following described real estate situated in Okmulgee county, state of Oklahoma. (Description.)

"And the said parties of the first part agree to deliver to the said party of the second part an abstract of title showing a good and merchantable title and a good and sufficient warranty deed for said land, provided. that the said party of the second part, his heirs and assigns pay to the parties of the first part, their heirs, or assigns, for said premises the sum of $2,600, together with all costs of remodeling the house located upon said premises payable as follows: the sum of $500 on the signing of this agreement, receipt of which is hereby acknowledged. The sum of $50, on the delivery of the possession of said property to the said party of the second part, and the further sum of $50 each 30 days thereafter until the full purchase price of said property has been paid to the said parties of the first part, which said payments of $50 each 30 days are to be made in advance and shall be in full payment of said principal and interest.

"It is further agreed by and between the parties hereto that by the actual cost of remodeling of said house shall be meant to include all bills for labor, building material,

plastering and. plumbing and painting, necessary and used in the remodeling of the said house, together with the sum paid to the contractor who has charge of the remodeling of said house.

"It is further agreed by and between the parties hereto that after all bills for the remodeling of said house have been paid by the said parties of the first part, that the total indebtedness for said premises shall be ascertained and the amount thereof indorsed on this contract, provided, that should the said party of the second part decide that the total purchase price is more than he can pay for said premises, the said $500 shall be returned to the said party of the second part and this contract shall terminate and the parties hereto be released from obligation thereunder, and if the said party of the second part be in possession of said premises, that he shall surrender possession thereof to the said parties of the first part without further notice and upon the payment by the said parties of the first part of the said $500 paid by the said party of the second part, which said sum of $500 shall be a lien upon the said property until the same is repaid as herein provided.  ·

"It is further agreed by and between the parties hereto that upon the payment of the entire purchase price for said premises, that the parties of the first part shall deliver to the said party of the second part a good and sufficient warranty deed and clear from any and all incumbrances, liens, mortgages, judgments, and taxes, save and except the taxes for the year 1920, and subsequent years and all special taxes which may become due and payable after the signing of this contract. * * *

"It is especially agreed by and between the parties hereto that said party of the second part shall have the right to pay the said parties of the first part any amount that he desires in excess of the $50 payments hereinbefore provided for, which said amounts shall be credited upon the purchase price of said property.

"Witness our hands in duplicate originals this 5th day of May, 1920.

"Margaret Cummins,
"G. M. Cummins,
"Parties of the First Part.

"Sam Houghton,
"Party of the Second Part."

As contemplated by the above contract, the sellers remodeled the house on the premises. The cost of remodeling was $2,680.40, which was paid by the vendor. On July 8, 1920, the following indorsement was placed on the contract:

"It is hereby agreed by and between the

undersigned parties to the above contract that we have audited the bills for the remodeling of said residence and do hereby certify that the total consideration for said premises is $5,280.40, which amount is to be paid to said first parties by said second party as provided by said contract."

The purchaser, Sam Houghton, accepted the house as remodeled, entered into possession thereof, and paid the sum of $50 per month rental until he had paid in all $5,150. He then tendered $130.40, asserted by him to be the unpaid balance due under said contract, and demanded a deed to the property in question. The vendors refused to execute and deliver a conveyance. On March 20, 1928, this action was commenced in the district court of Okmulgee county by Sam Houghton, as plaintiff, against Margaret Cummins and G. M. Cummins, as defendants. Plaintiff paid into court the $130.40 previously tendered by him, and sought specific performance of the contract above set forth, which was attached to and made a part of his petition.

Defendants, in their answer and cross-petition, admitted the execution of the written contract, but averred:

"That it was agreed by and between the plaintiff and defendants that the deferred payments under said contract were to draw the legal and customary rate of interest and that said monthly payments of $50, provided for in said contract, was to include interest and principal and that said parties so understood said contract and said clause in said contract relating to the said payments of $50 per month, stating that same should be in full payment of the interest and principal was understood by said parties at the time to mean that the interest due at each monthly paying period was to be deducted from the $50 and the balance of the said $50 remaining thereafter was to be credited upon the principal or the purchase price."

Neither mutual mistake of the parties nor mistake of the defendants induced by fraud of the plaintiff was averred. The pleading neither claims a right to reformation of the contract nor indicates an intention to assert such a right. The reply filed by plaintiff specifically denies any agreement to pay interest on deferred payments.

The cause was tried to the court on the 23rd day of April, 1930. Plaintiff introduced the written contract in evidence, established the amount paid thereon, and the fact that he had paid into the court clerk's office the sum of $130.40 to make good his tender. Defendants then interposed a demurrer to plaintiff's evidence, which was overruled and exceptions taken.

The defendant Margaret Cummins, as a witness in her own behalf, testified, in substance, that in the negotiations preceding and accompanying the execution of the written contract, the subject of interest was discussed and remarks made which indicated an intention on the part of the purchaser to pay interest at the rate of 8 per cent. per annum on the unpaid portion of the purchase price. She further testified that it was her understanding of the wording of the contract that the unpaid portion of the contract price was to draw interest.

The plaintiff objected to this testimony at the time it was offered and at the conclusion of the testimony moved to strike the same. The grounds of objection appear in the motion to strike, orally made. We quote:

"Mr. Cowley: Comes now the plaintiff, Sam Houghton, and moves the court to strike the testimony of said witness upon the ground and for the reason that it is an attempt to vary the terms of a written contract, and for the further reason that it is incompetent, irrelevant, and immaterial, and that the answer and cross-petition filed by this defendant and her husband do not allege mistake, fraud, or inadvertence, nor do they ask to have the contract reformed to speak the truth, and that all negotiations leading up to the purchase of said property which were oral were merged into the written contract."

Defendants then requested leave to amend their answer and cross-petition to conform to the proof by alleging that "the question of interest on deferred payments was discussed by the parties and agreed upon, but through mistake and inadvertence omitted in reducing the contract to writing."

The court sustained the motion to strike the evidence and denied the request to amend.

No other evidence was offered. The cause was submitted and judgment rendered for the plaintiff. The case comes to this court on appeal. For the purpose of convenience, the parties will be referred to as they appeared in the trial court.

The contentions of the defendants are alternative in nature and may be stated as follows: (1) That viewed as a whole the written contract should be interpreted to obligate the plaintiff to pay interest on the unpaid portion of the purchase price prior to the due date of the deferred payments. (2) That if the written contract is not susceptible of this interpretation it should be held to be sufficiently ambiguous to permit the introduction of parol agreement to pay interest on the unpaid portion of the

purchase price. (3) That if not ambiguous, the trial court committed error in not considering the parol proof of the defendants to establish that an agreement to pay interest had been omitted by mutual mistake of the parties.

Interest on definite sums of money due under a contract is calculated from the date the money becomes due and payable in the absence of statute or express agreement to the contrary. 33 C. J. 230; Badger v. Dukes. 134 Okla. 25, 272 P. 414; American Iron & Steel Mfg. Co. v. Seaboard Air Line R. R. Co., 233 U. S. 261, 265, 34 S. Ct. 502, 58 L. Ed. 949.

The only place in the contract in which the word "interest" is used at all is in the last line of the third grammatical paragraph, where it is said, "Which said payments of $50 each 30 days are to be made in advance and shall be in full payment of said principal and interest." Defendants say that the use of the word "interest" at this point in the contract expresses an intention on the part of the contracting parties that the deferred payments shall draw interest before maturity. Considering the relation of the clause above quoted to the language immediately preceding, we are unable to approve this argument. An examination and analysis of the paragraph in which this language occurs disclose that the purchase price is definitely fixed at $2,600, plus the cost of certain improvements. By subsequent indorsement on the contract, this purchase price is fixed at the definite sum of $5,280.40. The contract specifically fixes the time and manner of paying this sum by partial payments. There is no promise or agreement to pay interest. The parties then provide that the payment of each $50 each 30 days shall be in satisfaction of that amount of the principal indebtedness and of any claim for interest thereon if paid at the time specified. The provision referred to neither constitutes a promise to pay interest nor creates an ambiguity or uncertainty in the meaning of the contract. In a contract for the sale of real estate the purchase price of which is to be paid on the deferred payment plan, the failure on the part of the contracting parties to incorporate a definite provision that interest shall or shall not be paid on the unpaid portion of the purchase price does not create an ambiguity which will permit a parol agreement to pay interest to be shown. Gero v. Richey (Cal. App.) 175 P. 91.

The defendants likewise contend that the fact that the vendee in the case at bar was by the provisions of the contract given an option to pay future payments in advance is indicative of and implies an agreement on his part to pay interest. It is argued that the only logical purpose of such a privilege is to save future interest. We cannot agree with this conclusion. The purchaser of real property on the deferred payment plan might well desire to complete his payments in advance in order to perfect his title, or because he believes that his available monies would be safer when so invested. Such a provision in a contract neither implies an agreement to pay interest nor creates an ambiguity in the contract respecting the obligation to pay interest. Gero v. Richey, supra.

Defendants say that as to the $2,680.40 included in the purchase price as cost of improvements they are entitled to interest on the theory that the same was a loan of money. In this connection they call our attention to section 5094, C. O. S. 1921, which provides as follows:

"Whenever a loan of money is made, it is presumed to be made upon interest, unless it is otherwise expressly stipulated at the time in writing."

This argument is unsound for the reason that the transaction does not constitute a loan of money. By the terms of the contract, the vendors were to improve the property. When the improvements were completed the cost thereof was to be added to $2,600, which would determine the purchase price. The vendee then had the option to reject or accept the property for the price stipulated. The fact that the cost of improvements was an element in determining the purchase price did not make the transaction a loan. No obligation to pay the cost of the improvements was created unless the vendee decided to purchase the property as improved, and the vendee became obligated to pay the same only as a part of the purchase price of the property. Since the written contract was definite and certain in its meaning, oral agreements preceding or accompanying its execution were superseded thereby. Section 9456, O. S. 1931.

The next question to determine is, Did the court err in refusing defendants' request to amend their answer by alleging a mutual mistake and prayer of reformation?

The right to reform an instrument on the ground of mutual mistake is available in equity either as the basis of a cause of action or a defense. Farmers & Merchants Nat. Bank v. Hoyt, 29 Okla. 772, 120 P. 264. However, mutual mistake must be specifically alleged in order to be within the issues

282

tendered by the pleadings, 53 C. J. 1012, 53 C. J. 1022; Thraves v. Greenlease, 42 Okla. 764, 142 P. 1021; Bell v. Bancroft, 55 Okla. 306, 155 P. 594. When the issue is properly tendered by the pleadings, although parol evidence becomes admissible to establish the true nature of the obligations agreed upon, a high degree of proof is essential to warrant the relief, since the very purpose of a written contract is to prevent fraud and avoid the uncertainties of human recollection. In the case of Cantrell v. O'Neill, 109 Okla. 238, 235 P. 232, this court said the proof must be "clear, unequivocal, and decisive" to warrant reformation. In King v. Turner, 109 Okla. 77, 234 P. 564, it was said the proof must be "clear and convincing to the extent of proving to a moral certainty."

Since mutual mistake of fact was not alleged in the answer and cross-petition as originally filed, the issue was not tendered by the pleadings at the time the cause was called for trial.

Section 318, C. O. S. 1921, authorizes the amendment of a pleading at any time before or after judgment to cause the same to conform to the proof offered. The effect of this section is to vest in the trial court the right in the exercise of sound judicial discretion to permit or refuse such amendments. U. S. Fidelity & Guaranty Co. v. Minnehoma Oil Corp., 116 Okla. 11, 243 P. 154. The ruling of the trial court on questions of amendments will not be disturbed unless an abuse of discretion appears. Donnelly v. Atkins, 130 Okla. 33, 264 P. 911; City of Tulsa v. Wells, 79 Okla. 39, 191 P. 186; American Nat. Ins. Co. v. Bardin, 74 Okla. 146, 177 P. 601; Elliott v. Coggswell, 56 Okla. 239, 155 P. 1146.

In view of the fact that the only testimony offered to establish a mutual mistake of fact was that of a party defendant, and of the further fact that parol testimony offered concerned a transaction occurring some ten years prior to the date of trial, and, in view of the additional fact that in all of the years while the purchaser was paying the defendants $5,150 in deferred payments no controversy arose concerning interest, we cannot say that the trial court abused its judicial discretion in refusing to permit an amendment to the answer and cross-petition which would present a new and different defense.

It is urged that, since the vendee was permitted to take possession of the real estate shortly after the contract was executed, it would be inequitable to permit him to enjoy the fruits of possession and at the same time enjoy the privilege of delaying payment of the purchase price without interest. This was a matter for the contracting parties to consider at the time the contract was executed. The decisions of various jurisdictions holding that, where there is an unexpected delay in performance of the contract, the vendee must pay interest if he enters into possession, have no application to this situation. In the case at bar the delay in payment was contemplated and contracted for. See Loffland v. Maull, 1 Del. ch. 359, 12 Am. Dec. 106.

Other arguments are presented in the brief upon the alleged unfairness of the contract under consideration when viewed from the standpoint of the vendors. Courts do not act as guardians of competent contracting parties. It is the duty of judicial tribunals to construe contracts as written; not to enlarge upon or make new contracts for the parties. Phillips v. Henderson Co., 101 Okla. 277, 225 P. 668.

The judgment of the trial court awarding specific performance is affirmed.

CULLISON, V. C. J., and ANDREWS, SWINDALL, and BAYLESS, JJ., concur.